Per Curiam.

The receipt given by the plaintiffs, which acknowledged the giving of the bond and warrant of attorney by Robert Leal, to .the plaintiffs, was sufficient evidence of the existence of such bond and warrant, without the production of them. This was not barely a receipt for the bond,and warrant, but contained the terms and conditions upon which they were-given, and upon which the judgment to be entered up thereon was to become void. The question is, whether such bond was an extinguishment of the simple contract debt. We think it was not; it is very evident it was not intended, by the giving of the bond, to change the nature of the debts. *407 (1 Chitty PL 96. 3 East, 251.' 2 Leon. 110. Bac. Abr. tit Ex~ tinguishment, (£).) 6 Crunch, 254.) The bond, in this case, was for a round sum ; and there was no way to ascertain the real sum due upon it, but by reference to the original demand, which must, of course, be deemed in existence, and in force. The plaintiffs are, accordingly, entitled to judgment for the amount of the notes. 1t was not between the same parties ; nor was it for this' debt alone, nor for the exact amount of the notes in question. It was, therefore, only intended as a collateral security ; and the taking a collateral security of a higher nature, whether from the principal or a stranger, does not preclude the creditor from suing on the first contract, although judgment may have been entered on such collateral security, if it remains unsatisfied.
Judgment for the plaintiffs.