CORNELL *against* LAMB.

IN ERROR, to the Court of Common Pleas of the county of *Saratoga.* *Lamb* brought an action of *assumpsit* against *Cornell,* in the Court below, for the use and occupation of a dwelling house and lot of land. The defendant pleaded *non-assumpsit.* It was proved, at the trial, in *January,* 1821, that the defendant had occupied the premises for six years, and that the annual rent was 25 dollars. A witness for the defendant, testified, that the plaintiff told him, that he had made a settlement with the defendant for the rent and other accounts, and taken his due-bill for 114 dollars; and that, since taking the due-bill, he had distrained upon the defendant's property for the rent included in the due-bill, and also for rent which had accrued since it was given; and had sold the property for *thirty* dollars. The defendant's counsel then insisted, that the plaintiff could not recover, without first producing and cancelling the due-bill; and the Court below being of that opinion, the plaintiff's counsel produced the due-bill, under the hand and seal of the defendant, as follows: "Due *Joseph Lamb,* for house rent, 114 dollars, which I promise to pay him, or bearer, on demand, with interest, as witness my hand and seal, the first day of *May,* 1819." At the request of the plaintiff's counsel, the due-bill or note was filed with the clerk, who made the following endorsement upon it: "*Saratoga* Common Pleas, *January* term, 1821 : A recovery has been had for the amount of the within note, in an action, for the use and occupation, and this note is accordingly cancelled." The defendant's counsel then objected, that the plaintiff was not entitled to a verdict, 1. Because, having settled with the defendant for the rent, and taken the note in writing, for the balance due, he could not abandon the settlement, and recover, in this form of action, the rent included in the note or due-bill. 2. Because, by distraining for the rent due at the time of settlement, and included in the note, he was precluded from maintaining this action; and, 3. Because, the plain-

*The acceptance of a bond for rent, is not an extinguishment; and it makes no difference whether the rent is reserved by deed or by parol; for rent, issuing out of the realty, is of a higher nature than a simple contract.*

*A landlord, therefore, who has received a sealed note for rent due on a parol demise, may maintain an action of assumpsit, for the use and occupation, on delivering up the note at the trial, to be cancelled.*

*Distress is a concurrent remedy for rent, and where the landlord has distrained and sold the goods of the tenant, for part of the rent due, he may maintain assumpsit, and recover the residue.*

tiff could not maintain this action, without having first de-livered up, and actually cancelled, the note. It did not ap-pear, that any objection was made, on account of the due-bill, or note, being under seal. The Court below overru-led these objections; and the defendant's counsel tendered a bill of exceptions to their opinion. The jury found a verdict for the plaintiff, for 109 dollars, being the balance of the note, and of 25 dollars, for one year's rent, since accru-ed, and before the commencement of the suit, after deduct-ing the 30 dollars collected by distress.

*Vielie*, for the plaintiff in error, contended, 1. That the right of action, for use and occupation, was merged in the settlement. (1 *Bac. Abr.* 281. tit. *Assumpsit*, G. 2 *Mod.* 43, 44. *Buller's N. P.* 129. 4 *Bos. & Pull.* 104. 12 *Mod.* 7.) If *assumpsit* would lie, it should have been on an *insimul computassent*.

2. Taking a sealed note, for the simple contract debt, was a merger of the simple contract. (1 *Chitty's Pl.* 96.)

3. The plaintiff, afterwards, proceeded by distress, and sold the goods of the defendant for the rent; and having thus made his election of a remedy of a higher nature, by distress, it was a waiver or merger of his right of action, for use and occupation, whether the distress produced enough to satisfy his demand, or not. (*Comyn's Dig.* tit. *Election.* C. 2. tit. *Annuity*, C. 1. *Co. Litt.* s. 219. 144 *a.* 145 *b.*)

*Cowen*, contra, insisted, that as no objection had been made before the Court below, as to the note being sealed; the objection could not be raised here, for the first time, that it operated as an extinguishment of the original debt. The plaintiff produced and cancelled the note at the trial, and all objection, on the ground of the note being sealed, was waived. (5 *Johns. Rep.* 467. 8 *Johns. Rep.* 507. 8 *East*, 273. 14 *Johns. Rep.* 404. 3 *Johns. Rep.* 558.) But rent savours of the *realty*, and though reser-ved by parol, it ranks as a debt of as high a nature as a specialty. It was not, therefore, merged in the sealed note. (1 *Vernon*, 490. 12 *Mod.* 7. 288. 1 *Comyn's Rep.* 67.

*Wentw. Office of Exec.* 146. *Toller's Executor*, 218, 221. 3 *Swinb.* 835, note.)

WOODWORTH, J. delivered the opinion of the Court. It is well settled, as a general rule, that an acceptance by a creditor of a higher security than he had before, is an extinguishment of the first debt ; as where a bond, or other security under seal, has been accepted in satisfaction of a simple contract : but the acceptance of a bond for rent, is no extinguishment, because the rent issuing out of the realty, is of as high a nature ; though a judgment obtained on the bond would extinguish the demand. (3 *Bac. Ab.* 107. tit. *Extinguishment,* D. 1 *Chitty's Pl.* 96.) This general doctrine will not be questioned ; but it may be contended, that it is applicable only to cases where the rent is reserved by deed, and cannot affect this case. That no such distinction exists, is apparent from the reason of the rule ; it has no reference to the form of the contract that may have been made, but is founded exclusively on this, that rent issues out of the realty, and is therefore considered a debt of a higher nature than a simple contract. Upon full examination, I am satisfied this principle is sound ; and, has been recognised whenever it has been drawn in question. It makes no difference whether rent is secured by a parol lease or by indenture, as to the light in which the debt is viewed.

In *Newport* v. *Godfrey,* (3 *Lev.* 267. 4 *Mod.* 45.) the action was debt for rent, on a parol lease for three years, against the defendant, the executor of the lessee, who pleaded an obligation entered into by the testator, and that he had not assets sufficient to satisfy the debt due by the obligation ; the plaintiff demurred. The question was, whether rent due on a parol lease, the term being ended, was payable before a debt by obligation. The counsel for the defendant did not controvert the general principle, but contended, that the term being ended, the arrears were merely personal. Judgment was rendered for the plaintiff in the Court of C. B. who held that the contract remained in the realty, though the term was determined. The judgment of affirmance is reported in 12 *Mod.* 7. under the title of *Godfrey* v. *Newton,* where it was held by all the Judges, that the rent

savoured of the realty, and is in equal degree with debt on a bond, and, therefore, the bond is not to be preferred to it.

In *Gage* v. *Acton,* (*Comyn's Rep.* 67.) one question was, whether an administrator could plead a retainer, for a debt due to himself on a bond, to an action of debt for rent; it was held that he might, for the debts are of equal degree. The Court declared the case of *Godfrey* v. *Newport* to be good law, which seems to have been decided on the ground, that an executor cannot plead a bond made by the testator, and not satisfied, to an action for rent; for being of equal degree, one cannot be a bar to the other.

In the case in *Comyn's Rep.* the Court held, that there was no difference between rent due upon a lease by parol and a lease by indenture; for in both cases, the rent is of the same quality, and that one may be retained against a debt due on bond, as well as the other. The same doctrine was laid down in *Stonehouse* v. *Ilford;* (1 *Comyn's Rep.* 145, and in 3 *Bac. Abr.* 82, these cases are cited with approbation. So, also, in *Willet* v. *Earle,* (1 *Vernon's Rep.* 490.) the point was, whether an executor who had paid the arrears of rent reserved upon a parol lease, had well administered, so as to bar the plaintiffs, who were bond creditors. The Court was of opinion, that the rent, though upon a parol lease, partook of the realty, and was, therefore, to be preferred to debts upon bond. If such be the law, of which I have no doubt, it disposes of the present cause; for it appears that the plaintiff rented the house and lot, at the yearly rent of twenty-five dollars; and admitting it was a parol demise, the action for rent was not merged, by taking a specialty for the amount due, but they stand in equal degree. The plaintiff below had his election to pursue his remedy on either. The doctrine of *merger* does not apply. The form of action is *assumpsit;* but being for the recovery of rent, although reserved by parol, it is, for the reason given in the adjudged cases, of as high a nature as an instrument under seal. This view of the subject renders it unnecessary to inquire, whether the defendant in the Court below, by not distinctly making this objection, can now be permitted to urge it as cause for a reversal. If there is no difficulty in the

way of a recovery arising from the effect of a seal, neither is there any on the ground of a settlement, and taking a note for the balance due. There is no proof that the plaintiff below accepted the note in satisfaction, and thereby waived his original demand.

The second and third points may be dismissed in few words. If the plaintiff below had a right to distrain, it was a concurrent remedy; it did not affect the right to maintain an action, unless thereby payment or satisfaction had been obtained. The property distrained was sold for thirty dollars; to that amount it was a valid set-off, but it had no other or greater effect. The due-bill was effectually cancelled by the endorsement made on it, by order of the Court. The evidence of cancelling was inseparable from the note, and rendered it a dead letter. It must be considered as having been done, by the assent of the plaintiff; for unless he had assented, the Court would not have sustained his action; his election to put his right to recover on the ground of use and occupation, was an abandonment of the note, and evidence of his assent to its being cancelled. The Court are of opinion, that none of the exceptions were well taken, and that the judgment of the Court below ought to be affirmed.

Judgment affirmed.