NEW YORK,
May, 1824.

Cornell
v.
Lamb.

---

## CORNELL *against* LAMB.

There are three kinds of rent, viz. rent service, rent charge, and rent seck. Their nature and difference between them.

THE first count was trover for certain goods and chattels of the plaintiff, which the defendant had distrained and sold for rent, claimed by him to be due from the the plaintiff: The second count was in case, upon the 9th section of the " act concerning distresses, rents and the renewal of leases," pass-

For a rent service, the landlord may distrain of common right ; but for a rent charge only in virtue of a clause of distress. He cannot distrain for a rent seck, for the statute, 4 Geo 2, ch. 28, which gives distress for all rents, has not been enated in this state.

Fealty is not, in fact, due upon any tenure in this state. It is altogether fictitious. It is retained by statute as to lands holden in *socage*, and abolished as to all grants made directly from the state ; (1 R. L. 70 ;) but the right to distrain is not impaired by the statute. It remains as at common law, by which fealty was incident to every tenure, and the right of distress incident to fealty ; and even if the latter be taken away, yet, where it would have existed at common law, distress may be made.

So that a distress may in all cases be made upon a lease by parol, which would be valid by the statute of frauds, where the lessor retains the reversion.

*Semble*, fealty is no longer necessary to support the right to distrain.

The common law right of distress was not intended to be abolished, but to be preserved in full force, by the act concerning distresses, rents and the renewal of leases. (1 R. L. 434.)

ed April 5 1813, (sess. 37, ch. 63, 1 R. L. 435,) for distrain- <span style="float:right">NEW YORK,<br>May, 1824.</span>
ing when no rent was due, and claiming double damages.
Plea, the general issue. <span style="float:right">Cornell<br>v.<br>Lamb.</span>

The cause was tried at the Saratoga circuit, May 28th,
1822, before his honor (the late) Mr. Justice Yates.

At the trial, the counsel agreed that the property mentioned in the declaration, was taken by the defendant from the plaintiff, on the 1st day of May, 1820, by William Prime, bailiff of the defendant, under a warrant of distress, executed by the defendant, and pursuant to his directions, for 120 dollars, for 4 years and 11 months rent, claimed to be due and unpaid from the plaintiff to him; that the property was regularly advertised and sold for 30 dollars, pursuant to the 5th section of the act; and the only question made, was upon the defendant's right to distrain.

It appeared that the lease was by parol, and that the plaintiff and defendant having, on settlement, struck the balance of rent, the plaintiff, by an instrument under seal, had covenanted to pay the defendant the balance thus found due, for which he afterwards distrained; that the defendant had brought his action, for use and occupation, in the Common Pleas of Saratoga, for the balance over and above what was paid by the distress, and recovered, upon which the covenant was cancelled.

Upon this evidence, a verdict was taken for the plaintiff, for 123 dollars, subject to the opinion of this Court, upon a case containing the above facts.

*S. G. Huntington*, for the plaintiff, made the following points: 1. That a man cannot distrain upon a lease by parol. 2. That the covenant merged the claim for rent. 3. That it did not appear that the defendant had any reversionary interest.

He said there were three kinds of rent known at the common law, in reference to the remedy by distress; rent service, rent charge, and rent seck.(a) Rent service had some corporal service incident to it, as, at least, fealty; and for this only, could the person to whom rent was due, distrain, without reserving a right of distress by the contract granting

<span style="float:right">(a) Bradby,<br>23, 33. Litt. s.<br>219. 2 Bl.<br>Com. 42.<br>3 Cruise Dig,<br>307, s. 6.</span>

NEW YORK,
May, 1824.

Cornell
v.
Lamb.

the rent.(b)   This rent service, is a creature of the feudal system,(c) and for it, when in arrear, the landlord could always distrain of common right.(d)   The feudal system with all its appendages, is completely abolished by our statute concerning tenures ;(e) and it follows, that there can be no such thing as rent service created since the passage of the act, but only a rent charge, which is so called, because a right to distrain is expressly reserved.   The right to distrain in such case, is by virtue of the agreement, and not at common law.(f)   Without such agreement, it would be rent seck.(g)   Hence the landlord could not, in this case, distrain at common law, because his rent was seck ; and the law stood thus in England till the Stat. 4 Geo. 2, c. 28, s. 5,(h) which authorizes the landlord to distrain in all cases for rent arrear.   We have no such statute in this state.   Our statute(i) grants no remedy by distress, in cases where it was not given by the common law, but only points out the manner in which distresses shall be treated and disposed of, when lawfully taken.   It is merely a transcript of the 2 W. & M. c. 5, s. 2,(j) which was passed long before the statute enlarging the right to distrain, and there can be no pretence that it would have this effect.   The books refer to the statute of Geo. 2, alone, as giving the right to distrain for a rent seck.

*E. Cowen*, contra, said it is true that the feudal system, with its appendages, were abolished by the statute cited, but the tenure of free and common *socage* was expressly, by the same act, made the tenure of the state.   All tenures were turned into *socage*,(k) with its common law incidents, one of which is *fealty*.   Socage tenure has nothing to do with the feudal system ; this was a military establishment.   The services in relation to tenure in *socage*, were entirely different from those which were due to the feudal landlord.   Fealty is incident to every tenure except *frankalmoign*,(l) and was of course retained in our system with *socage* tenures.   It is inseparable from every reversion on a lease for life or years ;(m) and whenever a tenant holds of his lord at a rent, it is service, as fealty at the least.(n)   Fealty, is of itself

(b) Ibid. Co. Litt. 142, a. 1 Burn. J. 425.
(c) Ibid.
(d) Ibid.
(e) 1 R. L. 70, 71.
(f) 2 Bl. Com. 42. Litt. s. 217, 218. 3 Cruise's Dig. 308, s. 8. Woodf. L. & T. 152. Bradby, 23.
(g) 2 Bl. Com. 42. Bradby, 23. Litt. s. 217, 218. Woodf. L. & T. 52. 3 Cruise's Dig. 309, s. 12. 1 Burn. J. 425.
(h) Bradby, 35, 36, 100. 2 Bl. Com. 43. 3 id. 7. Woodf. L. & T. 380. 3 Cruise's Dig. 330, s. 72.
(i) 1 R. L. 435, s. 5.
(j) Bradby, 221. Woodf. L. & T. 399.
(k) 1 R. L. 71, s. 4.
(l) Litt. s. 131.
(m) Co. Litt. 134, a. id. 93, a.
(n) Id. 87, b.

a service, and gives character to the rent : for wherever fealty is, distress is inseparably incident to it.(o)  Whatever the rent may be payable in, by the contract, fealty follows of course, if there be a reversion, and turns it into a rent service, for which distress lies ; for, according to the admission on the other side, the lord may distrain of common right, for a rent service.  We then claim the right to distrain at common law.  We claim this right as incident to the tenure of free and common *socage*.  We do not ask the aid of the 4 Geo. 2, c. 28, s. 5, which we agree has not been enacted in this state, and we cannot, therefore, distrain for a rent seck ; but we have a right to distrain upon the plaintiff as upon our tenant, by fealty and certain rent.  It is true that fealty is generally exploded in practice between landlord and tenant, both in England and in this country.  With us, it is the merest fiction ; but still it exists in contemplation of law, for the purpose of upholding other rights.  It is expressly mentioned in our statute of tenures, with a view to those rights.  In all cases, except in that of an absolute grant from the state, since the 20th Feb. 1787,(p) our lands are holden in *socage*.  And of lands demised by the state since that time, to their tenants, or where the absolute grantee underlets, so that the relation of landlord and tenant is created, the holding is still in free and common *socage*, to which distress is incident of common right.  This is so, because there is a reversion to which fealty is incident,(q) and the right of distress follows fealty,(r) which makes a rent service.  The common law, therefore, is not changed by the statute.  It is left to its full force, and is the only basis on which the right to distrain, in this state, rests.  It is neither enlarged nor diminished by any statutory provision.  In only one case are our tenures allodial, and that is, where the grant is absolute from the state, and made since the statute of tenures was passed.(s)

This lease, then, though by *parol*, being good within the statute of frauds, entitles the landlord to distrain.  That he may distrain upon a parol lease, is virtually decided by several cases in this country.(t)  That it might be done in England, at the common law, is well settled ;(u) and indeed, not

NEW YORK,
May, 1824.

Cornell
v.
Lamb.

(o) Id. 151, a, b.

(p) 1 R. L 71, s. 6.

(q) Co. Litt. 143, a, 93, a.
(r) Id. 151 a, b.

(s) 1 R. L. 71, s. 6.
(t) *Smith* v *Colson*, 1C John. 91.*Jacks* v. *Smith* 1 Bay's Rep 315. *Smith* v *Sheriff of Charleston*, id 443.
(u) Bradby 103.

NEW YORK, May, 1804

Cornell v. Lamb.

denied on the other side. The same common law right is reserved to us, by the constitution.

WOODWORTH, J. The principal question in this cause is, whether a landlord can distrain for rent, without reserving a special power of distress. At the common law, there were three kinds of rent; rent service, rent charge, and rent seck. The first is, where the tenant holds his land by fealty and certain rent, or by rendering services, as ploughing the land, shearing the sheep and the like; for these the lord might distrain of common right, provided he had in himself the reversion, and the service be certain, or capable of being reduced to certainty, so that upon the avowry, he might be able to ascertain and recover damages for non-performance. (Cok. Litt. 96, a. 2 Crui. 307. tit. 28, ch. 1, sec. 6. 2 Black. 42. 10 John. 92.) The right of distress was inseparably incident, as long as the rent was payable to the lord, who was entitled to the fealty. To every tenure, fealty is incident, so long as the tenure remains. (Cok. Lit. 93, a. 2 Cruise, tit. 28, ch. 1, sec. 6.)

But a right of distress was not incident to a rent charge, because there was no future interest or reversion, and no fealty was annexed to such grant; the land became chargeable by virtue of a clause authorizing a distress. (2 Cruise, 308. 2 Black. 42.)

In England, the same remedy is extended to all rents alike, by the statute, 4 Geo. 2, ch. 28, which has, in effect, abolished all material distinction between them. This statute has not been enacted in this state. Our act concerning distresses, (1 R. L. 434,) contains the provisions of a number of British statutes, regulating the proceedings by way of distress, but not expressly defining what shall constitute a right to distrain; it would, therefore, seem, that where there is not a clause of distress, the landlord's right to this remedy cannot be more extensive than that given by the common law, which is limited to rent service. It is contended that the right to distrain is founded on the right of the landlord to demand fealty, and cannot be supported merely by showing a reversionary interest. This was undoubtedly the com-

mon law in England, before the statute of 4 Geo. 2, but that statute, in effect, merged all preceding remedies, by allowing a distress to be taken for any kind of rent in arrear. (Woodfall, 305.) It is admitted that fealty is not, in fact, due on any tenure in this state; it is altogether fictitious. The act concerning tenures (1 R. L. 70) declares, that all tenures held at any time before the 4th July, 1776, are turned into free and common *socage*, and shall be discharged from certain feudal services, particularly enumerated, and that the tenure upon all grants made by the state, shall be allodial, and not feudal, and be discharged of fealty and all other services. The fifth section of this act provides, however, that it shall not be construed to take away or discharge any rents certain, or other services incident to tenure in common *socage*, or the fealty or distresses incident thereto. Independent of this section, I apprehend that the right to distrain would remain upon every demise for a rent certain, where the reversionary interest was in the landlord. At the common law, if fealty was due, and the reversion in the landlord, he might distrain: by the discharge of fealty, it cannot be intended to take away the remedy by distress, but leaves it as the statute found it, so that, thereafter, it would depend on a rent certain and a reversionary interest. The abolition of a feudal service, in case of the tenant, cannot take away a right previously existing in the landlord. It seems to me, that the plain inference to be drawn from the act is, that fealty was no longer necessary to support the right to distrain.

But if this were questionable, the 5th section, in my view, secures the right, by declaring that the fealty or distresses incident to rents or other services, belonging to tenure in common *socage*, shall not be taken away. If fealty be considered necessary to support a distress, the statute intervenes and declares that the non-existence shall not be alleged to defeat the remedy. The act concerning distresses, does not expressly define the cases in which a distress may be lawful: I think it, however, manifest from its provisions, that the common law right was not intended to be abolished, but preserved in full force. The 6th section declares, that it shall be

lawful for any person having rent in arrear, upon any de- mise, lease or contract, to seize sheaves of corn, hay, &c., for, and in the nature of a distress. By the 13th section, the landlord is authorized to seize the goods of a lessee for life, or term of years, where the goods are removed from the de- mised premises, leaving the rent unpaid. By the 17th sec- tion, it is declared to be lawful for any person, having any rent in arrear, upon a lease for life, or years, or at will, end- ed or determined, to distrain for such arrears after the deter- mination of the lease, in the same manner as he might have done if the lease had not been ended. It will be perceived that nothing is said about the clause of distress ; the remedy is absolutely given, if there is rent in arrear. In all these cases, there was a reversionary interest in the landlord. The statute evidently supposes a right to distrain before the ter- mination of the lease, by allowing it after the lease is deter- mined. The defendant, then, had the power of distress, which was a concurrent remedy. The acceptance of the sealed note was not an extinguishment of the rent, as was decided between these parties. (20 John. 407.) The case states, that the defendant admitted he had distrained for 4 years and 11 months rent due him, at the time of such dis- tress, including the amount specified in the writing sealed. This admission was not objected to ; it must be presumed to have been inserted as evidence ; and if so, it is proof that the rent was due.

But it is contended, that it does not appear the defendant had the reversionary interest in him. No question of this kind appears to have been raised at the trial ; there is no express evidence of a reversionary interest, but it may well be presumed to exist ; for it is admitted in the case, that the defendant recovered a judgment in an action for use and oc- cupation, in the Court of Common Pleas, for the rent now sought to be recovered by way of distress. This judgment was affirmed in the Supreme Court. (20 John. 407.) It is settled, that, at the common law, assumpsit would not lie for rent ; it was recoverable only by action of debt ; the statute gave the action for use and occupation, for the purpose of obviating some of the difficulties that might occur in the re-

covery of rents where the demises are not by deed. The legal presumption is, that the demise, in this case, was not by deed; had it been, the party would not be entitled to recover. It is also well settled, that no estate of freehold, for life or in fee, can pass by an instrument in writing not under seal. (12 John. 73.) It follows, then, that the defendant, when he distrained, had the reversionary interest, and is, therefore, entitled to judgment.

SAVAGE, Ch. J. The main point is, whether the defendant had a right to distrain for the rent due him. If this is not a case in which the landlord had a right to distrain then the sealed note was an extinguishment of the rent, and, of course, the defendant is liable to this action.

At common law, there were three kinds of rent:

1. Rent service, so called, because it had some corporal service incident to it, at least fealty, or the feudal oath of fidelity. Where fealty is due, therefore, with a pecuniary rent, and the landlord has the reversionary interest in the demised premises, then the landlord has, by the comm law, a right to distrain without any power in the lease.

2. Rent charge, is a rent reserved where the landlord has no reversionary interest. He would have, for such rent, no right to distrain, unless the power be contained in the lease.

3. Rent seck, is the same as rent charge, except that there is no right to distrain reserved. By statute of 4 Geo. 2, ch. 28, the right of distress is given in the two last kinds of rent; but, independent of that statute, the right of distraining existed when the landlord was entitled to the reversion and to fealty.

By our old constitution, such parts of the common law and of the statute law of England, and such acts of the colony as together formed the law of the colony, on the 19th day of April, 1775, are declared to be the law of the state. By our statute concerning tenures, (1 R. L. 71,) all tenures of any estate of inheritance at the common law, are declared to be turned into free and common *socage ;* and by the common law, fealty is incident to this tenure. In all cases, therefore, where the tenure in this state is not allodial, and where

NEW YORK,  the landlord is entitled to the reversion and to a rent, he is
May, 1824.  authorized to distrain for such rent, without any authority
Schuyler   for that purpose in the lease or contract.
  v.
Leggett.       The defendant having, then, as is fairly inferrable, the re-
versionary interest, he had a right to distrain, and the note
was no extinguishment of the rent. In my opinion, there-
fore, judgment must be rendered for the defendant.

SUTHERLAND, J. concurred in the result of these opinions.

Judgment for the defendant.