## GREGORY *vs.* THOMAS.

Notice of the existence of an unpaid prior mortgage of personal property, destroys the preference which a second mortgagee would otherwise be entitled to claim in consequence of possession not acompanying the first transfer, and by reason of the omission of the first mortgagee to *refile* his mortgage within the period prescribed by statute.

A second mortgage for the same debt does not extinguish the first; to render the second security a bar to the first, there must be a *release* express, or at least implied from a *covenant not to sue.*

ERROR from the Albany mayor's court. This was an action of *trover* brought by Thomas against Gregory, for a coach and harness taken possession of by the defendant in September, 1835. The plaintiff claimed the property under a mortgage executed to him by *John Wyman*, bearing date and filed in the register's office of the city of New-York, on the 12th September, 1834. The defendant justified the taking possession of the property under a mortgage of the same, executed to him by *Wyman*, on the 19th of June, 1834, which was filed in the register's office in New-York on the 28th of June, 1834, and was conditioned for the payment of $350, with interest, in weekly instalments of ten dollars each. In March, 1835, the defendant by his agent, called on Wyman, who during all the time since the date of the defendant's mortgage, had remained in possession of the coach and harness, to take possession of the same in foreclosure of the mortgage. It was then agreed between such agent and Wyman, that day of payment should be extended to Wyman, upon his executing to the defendant a new mortgage of the same and other property. In pursuance of such arrangement, a mortgage was executed on the 18th May, 1835, conditioned for the payment

of $390.95, on the 18th October then next: which mortgage was filed in the clerk's office of the county of Albany, in which county *Wyman*, resided at the date thereof. The first mortgage was given by Wyman on the sale of the coach to him by the defendant. The defendant *offered to prove* that at the time of the execution of the mortgage to the *plaintiff*, Wyman objected to giving the plaintiff a mortgage upon the coach, as Gregory had sold it to him, and *then had a mortgage upon it which ought to be paid:* to the introduction of which evidence the plaintiff objected, and the court excluded it. The defendant excepted. The jury, under the charge of the recorder, found a verdict for the plaintiff, on which judgment was entered. The defendant sued out a writ of error.

*J. Holmes*, for plaintiff in error.

*S. Stevens*, for defendant in error.

*By the Court*, COWEN, J. The claims of the parties were founded on conflicting mortgages given by Wyman, the owner of the carriage and harness, to each party, the mortgagor all along retaining the possession, up to the time when the defendant below, Gregory, took them for default of paying his debt. His first mortgage was prior to that of the plaintiff below, being dated the 19th of June, 1834. The plaintiff's was dated September 12th of the same year ; and the defendant took another mortgage dated May 18th, 1835. Thus, documentally, the defendant below had the prior right. The mortgages were respectively filed acording to the statute. 2 *R. S.* 71, § 9, *2nd ed.* But the plaintiff said that neither was possession changed, nor did the defendant keep his first mortgage on foot by filing a copy within thirty days, next preceding the 12th of June, 1835, when the year from the first filing expired, 2 *R. S.* 71, § 11 ; that in either point of view the defendant's mortgage had lost its effect, and the plaintiff's had obtained the precedence. This was doubtless so upon the case as it stood when the defendant below offered to prove that actual notice

of his first mortgage was given to the plaintiff below, when his was taken. Either the continued possession, or the non renewal by filing a copy, would have let in the plaintiff, had he come as a mortgagee in good faith ; but it is only the *bona fide* mortgagee or purchaser, whom the statute protects. 2 *R. S.* 70, 71, § 5, 9.

And the offer to prove that the plaintiff below took his mortgage with actual notice of the defendant's prior mortgage, destroyed the character in which alone he could be protected. To say that a man takes *in good faith*, when he acts with notice, and of course under conscious hostility to another who has before taken a similar title, would be a legal solecism. The object of the statute here is that of all the other registry acts, to prevent imposition upon subsequent purchasers and mortgagees, who must many times govern themselves by appearances. When every thing is actually explained to them, they have the best kind of notice ; and must be holden to take subject to the prior incumbrance.

But it is said that the defendant's second mortgage extinguished the first ; and consequently being put to stand exclusively on the last, which was in 1835, the plaintiff's mortgage of the previous September is let in. The argument is against all the books, ancient and modern. Adjudications of several centuries, upon such cases, of every variety of form, in England, in this state, and in neighboring states, settle the proposition that a subsequent security for a debt of equal degree with a former, for the same debt, will not, by operation of law extinguish it. Thus, one bond for the same debt secured by another, shall not extinguish the former, or in any way impair its force. *Manhood* v. *Crick*, *Cro. Eliz.* 716. *Norwood* v. *Gripe, id.* 727. *Rawdon* v. *Turton*, *Brownl.* 74. *Maynard* v. *Crick*, *Cro. Car.* 86. *Ene's case, Lit. Rep.* 58. It is said in *Higgen's case*, 6 *Rep.* 45, that "a statute staple, or bond in nature thereof, is but a bond recorded, and one bond, be it of record or not of record, can not merge another. Also a bond, and a bond in nature of a statute staple, are two distinct liens made by assent of parties without process of law, whereof the one hath no dependency on the other." And see

*per Cur. in Rhoades* v. *Barnes*, 1 *Burr.* 9. Taking a bond and mortgage for sealed notes does not extinguish them. *Phelps* v. *Johnson*, 8 *John.* 54, 58. So even a bond from a third person to pay certain interest on a mortgage against a testator, there being no agreement to take it in satisfaction, was held no bar to a suit for the interest on the mortgage. *Hamilton* v. *Callender's Ex'rs*, 1 *Dall.* 420. A judgment recovered on another judgment is not a satisfaction of the latter till the money is paid. *Preston* v. *Preston, Cro. Eliz.* 817. *Mumford* v. *Stocker*, 1 *Cowen*, 1. *Andrews* v. *Smith*, 9 *Wendell*, 53. Though it is otherwise where one judgment is set off against another; for that is in effect a payment, or if not allowed, it is an adjudication against its validity, either in whole or in part, so far as it is allowed, or passed upon and disallowed, in the second suit. *Doty* v. *Russell*, 5 *Wendell*, 129. *McGuinty* v. *Herrick, id.* 240, 244. Settling and taking a sealed due bill for rent will not affect the remedy by distress or action. *Cornell* v. *Lamb*, 20 *John.* 407, 409, and the cases cited at the latter page by Mr. Justice Woodworth. But the cases go farther. In all those respecting specialties, which I have cited from *Cro. Eliz., Cro. Car.* and *Lit.*, there was *an agreement* to accept and *an acceptance* of the second bond in satisfaction of the first; and yet held that this was no accord and satisfaction. The bonds were between the same parties. To make the second a bar, there must be a release express, or at least implied, from a covenant not to sue. And this distinction was held in *Phelps* v. *Johnson*, 8 *John.* 58. In *Ene's case*, the plea was that the plaintiff took the second obligation in satisfaction of the first. Hutton, J. said, a chose in action cannot be a satisfaction. Even a security of a higher nature, if it be taken expressly as a collateral security, will not extinguish the inferior. *Day* v. *Leal*, 14 *John.* 404. And more as was said in *Higgen's case*, where the securities are of equal degree, they shall be intended and held to be distinct and independent, although both are liens upon property. A debt is not honestly extinguished till it is paid in cash; and to multiply artificial mergers will be far from tending to fairness of dealing.

No matter how much, nor how many securities for a debt, they are but so many securities in favor of justice ; and the cash payment of one sweeps them all.

In the case at bar, there was no agreement pretended that the first mortgage to the defendant should be satisfied by the second ; and even if there had been, it was but the receiving of one chose in action for another.

The judgment of the mayor's court must be reversed ; and a *venire de novo* go from the same court.

Judgment reversed.