Bennett v. Earll.

## BENNETT *vs.* EARLL.

A *bill of sale* of personal property, when possession does not accompany th e transfer, has no preference over a *mortgage* of the same property subsequently executed, although that also be unaccompanied by a change of possession. The *mortgage* being *bona fide*, holds the property in preference to the *bill of sale;* a change of possession in respect to it being important only as it regards *creditors* and *subsequent purchasers*.

ERROR from the Onondaga common pleas. Bennett sued Earll in *trover*, for the conversion of certain personal property. The plaintiff's claim was founded upon a *mortgage* executed to him on the *twenty-fourth* day of *August*, 1836, to secure the payment of a sum of money on the first day of *September* ensuing the date of the mortgage. The defendant set up a claim to the same property ,under a *bill of sale* executed to him on the *fifteenth* day of *August,* nine days *preceding* the date of the mortgage. Possession of the property did not accompany either the *bill of sale* or the *mortgage*, the former owners continuing to use it until *October*, 1836, when the defendant took possession thereof,

and carried it away. The court charged the jury that both the plaintiff and defendant being in default in not taking possession of the property at the time of the execution of the instruments, and the defendant having been the first in taking possession, was entitled to the property, as the most vigilant of the two creditors. The jury found for the defendant. The plaintiff having excepted to the charge of the court, sued out a writ of error.

*J. A. Spencer*, for the plaintiff.

*B. Davis Noxon* for the defendant.

*By the Court*, NELSON, Ch. J. The charge of the court that as both parties were in fault in not taking possession of the property at the time of the execution of the instruments, the defendant was entitled to *priority*, as the most vigilant, was erroneous. The statute, 2 R. S. 136, § 5, made the *bill of sale* absolutely fraudulent as against "subsequent purchasers in good faith ;" which term includes the *mortgagee*, he being a purchaser *sub modo*, unless the continued possession by the vendor was sufficiently explained, which is not pretended to have been done here. As regards this *prior sale*, then, the mortgagee was not under the necessity of taking possession of the property, this being only important in respect to *creditors* and *subsequent purchasers*. It is enough in such cases, that the transaction be *bona fide*. *Gregory* v. *Thomas*, 20 Wendell, 17.

Judgment reversed ; *venire de novo*.