Brinkerhoff, J.
It will be seen from the foregoing statement of facts, that the mortgagor in this case was a tenant in possession of a leasehold estate for the term of ten years; the instrument, under which he held possession not being witnessed or acknowledged. And the first question presented is, whether the tenant, Butts, had such an estate as required a mortgage of it to be executed in conformity with the act of February 22,1831, “to provide for the proof, acknowledgment, and recording of deeds and other instruments of writing.”
The first section of this act provides, “ that when any man, etc.,, shall execute, within this state, any deed, mortgage, or other instrument of writing, by which any land, tenement, or hereditament shall be conveyed, or otherwise affected, or incumbered in law, such deed, mortgage, or other instrument of writing,” shall' be signed, witnessed, and acknowledged in the manner therein prescribed. The Seventh section provides that mortgages, executed agreeably to the provisions of the first section, “ shall take effect from the-time when the same are recorded.”
The terms, “land, tenement, or hereditament,” in their strict legal acceptation, do not, it would seem, embrace any less or lower estate than one of freehold; an estate for years being but a chattel *183 real. If, therefore, the first section of the act above referred to had provided for nothing but the conveyance of lands, tenements, or hereditaments, the leasehold estate of Butts would not, perhaps, have come within its provisions. This, however, is not clear. Johnson v. Stagg, 2 Johns. 521. But the terms of the statute are broader than this. The' language is, “ any deed, mortgage, or other instrument of writing, by which any land, tenement, or hereditament, shall be conveyed, or otherwise affected, or incumbered in law.” This language, it will be perceived, is very comprehensive. Where a party holding a freehold estate, carves out of it, by deed, an estate for ten years, he certainly thereby affects to that extent his lands, tenements, or hereditaments; and so, whenever the leasehold for years, thus carved out *of the freehold, is transferred or incumbered, the freehold out of which it is carved, is, it seems to us, to some extent, “affected.”
Now, the tenant, Butts, was in possession of the premises mortgaged, under a lease good in equity for the term of ten years, and had made extensive improvements thereon.. The possession itself was a species, though the lowest species, of legal title; and we think its voluntary assignment by him would carry with it the equities under which it was held. We are of opinion that the estate of Butts in the premises mortgaged comes fairly within the terms of the act to which reference has been made, and is also within the scope of its policy. The policy of the act is to prevent frauds and protect innocent purchasers. Terms for years, which, by common law, are but chattels real, are often of greater value in fact than estates for life, which belong, technically, to the higher cjass of freehold estates ; and to hold that the former may legally be conveyed or incumbered without the formalties prescribed for the conveyance or incumbrance of the latter, would open a wide door to the admission of evils against which the statute was intended to guard.
If our conclusions thus far are correct, it follows that the leasehold estate, with its permanent fixtures, passed to Warner, and, by assignment from him, to the plaintiffs; and, as to that estate and those fixtures, the plaintiffs are entitled to priority; for Warner was the only creditor who took a mortgage upon the premises which was executed and recorded in conformity with the provisions of the statute referred to.
Having thus disposed of everything in controversy between the *184 parties which savors of the realty, we are next to inquire, which of the two mortgagees, Bliss or Warner, is entitled to priority in the proceeds of the personalty. No charge of actual fraud or ill-faith is made by either party against the other, and, so far as appears, it is a fair contest on the part of both, for priority under the act of February 24, 1846, in relation to mortgages and bills of sale of personal property. The portions of this act which bear on the question before us are as follows. Swan’s Stat. 815.
“ Sec. 1. That every mortgage or conveyance, intended to opcrate *as a mortgage of goods and chattels, hereafter made, which shall not be accompmnied by an immediate delivery, and be followed by an actual and continued change of possession of the things mortgaged, shall be absolutely void, as against the creditors of the mortgagor, and as against subsequent purchasers and mortgagees in good faith, unless the mortgage, or a true copy thereof, shall be forthwith deposited as directed in the succeeding section of this act.
“Sec. 2. The instruments mentioned in the preceding section, shall be deposited with the clerk of the township in this state where the mortgagor therein, if a resident of this state, shall reside at the time of the execution thereof; and if not a resident, then with the clerk of the township where the property so mortgaged shall be at the time of the execution of such instrument.”
“ Sec. 4. Every mortgage so filed, shall be void as against the creditors of the person making the same, or against subsequent purchasers or mortgagees in good faith, after the expiration of one year from the filing thereof, unless within thirty days next preceding the expiration of the said term of one year, a true copy of such mortgage, together with a statement exhibiting the interest of the mortgagee in the property at the time last aforesaid claimed by virtue of such mortgage, shall be again filed in the office of the clerk of the township where the mortgagor shall then reside, if in this state; and if his residence shall not be in the state, then m the office of the clerk of the township in which such property shall then be.”
“ Sec. 7. In all townships in which the office of the recorder of the county is kept, such instrument shall be deposited with him, and he shall perform the duties imposed upon, and be entitled to the fees provided for, township clerks in this act, and his certificate shall nave the same force in evidence,” etc.
*185 The chattel mortgage to Bliss, undei’ which the defendant, Masson, claims, was first filed in the proper office on the 21st day of May, 1853; while that to Warner, under which the plaintiffs claim, was not thus filed until the 12th of July thereafter. But Bliss, the prior mortgagee, neglected to file a copy of his mortgage “within thirty days next preceding the expiration” of one *year from the date of the original filing. His mortgage was originally filed on the 21st of May, 1853, and he did not file a copy with the requisite statement of his claim under it, until the 22d day of May, 1854, being the next day after the expiration of the year. This neglect would work a postponement of' this mortgage in favor of subsequent mortgages in good faith, unless the fact that the year expired on Sunday gave him, in law, the next day after the expiration of the year, in which to do what the •statute required to be done within thirty days preceding the expiration of the year. And on this point the adjudicated cases are full and decisive. The rule is very clearly laid down in Burr v. Lewis, 6 Texas, 76, where it was held that “ courts in the construction of their own rules of practice, generally exclude Sunday in their computation of time. But where a statute directs that an act shall be done within a certain number of days, Sunday can not be excluded, although it should be the last day.” To the same effect are Ex Parte Dodge, 7 Cowen, 147; Moot v. Parkhurst, 2 Hill, 372; Alderman v. Phelps, 15 Mass. 225; Bissell v. Bissell, 11 Barb. S. C. 96. The computation of days of grace on commercial paper, and the “ time within which an act is to be done as provided ” in the code of civil procedure, are exceptions to this rule.
No copy of the original mortgage, however, was filed by Bliss even on Monday the 22d of May; but, instead of a copy, he refiled the original mortgage, and caused the refiling to be indorsed thereon, together with a statement of his claim, and also the consent of the mortgagor and of the assignee of the mortgage, that the same should be refiled as o/the 20th of May, 1854. The refiling of the original mortgage with the proper and requisite indorsements, would, we think, have been a substantial compliance with the requirements of the statute, and therefore sufficient, if it had been done in time; but it is clear that it was not competent for +he paities to the mortgage, by any arrangement between themselves, to affect injuriously any rights which had accrued in favor of a subsequent mortgagee in good faith.
*186 The mortgage to Bliss, then, must, on account of his laches, *be postponed to that of Warner, provided Warner is a “ subsequent mortgagee in good faith.” And this is the only question which remains.
It is contended on behalf of the defendant Mason, that inasmuch as Bliss’ mortgage was good and valid, and properly on file, without any then existing laches, at the time when Warner’s mortgage was taken and filed, Warner had at least constructive notice of the existence of the prior mortgage, and therefore can not be a “mortgagee in good faith.” This claim of the defendant presents two questions. 1. Does actual notice of the existence of a valid and properly registered prior mortgage, constitute, of itself, mala fides in a subsequent mortgagee? and, if so, 2. Does, mere constructive notice have the same effect ?
In the consideration of these questions, it is important to notice, that our statute on the subject of chattel mortgages is borrowed, in all its important features and provisions, literally from that of New York ; and the presumption is, that when our legislature borrowed the statute of New York, it did so in contemplation, and with approval, of the construction and legal effect of the statute borrowed, as declared authoritatively by the highest courts of that state.
Referring, then, to cases decided under the statute of New York, .prior to its adoption into our own legislation, we find that it was held, in Sanger v. Eastwood, 19 Wend. 514, that clear and actual notice of a prior mortgage is, per se, conclusive evidence of mala fides. So, in Gregory v. Thomas, 20 Wend. 17, it was held that actual “notice of the existence of an unpaid'prior mortgage of personal property, destroys the preference which a second mortr gagee would otherwise be entitled to claim, in consequence of possession not accompanying the first transfer, and by reason of the omission of the first mortgagee to refile his mortgage within the period prescribed by statute.” These cases dispose of the first question. As to the second question, we should, on principle, be inclined to hold, that constructive notice merely could not properly be taken as conclusive evidence of mala fides; and, on this point, we are supported by the opinion of the court expressed in the case last above cited. That case *was closely analogous to the one before us. It was a contest for priority between mortgages under a chattel mortgage. The second mortgage had been taken and filed during the first year of the prior mortgage; and the second mort *187 gagee claimed the priority, on the ground that the first mortgagee had failed to keep his mortgage on foot, by filing a copy within the thirty days preceding the expiration of the year from its first filing. Cowen, J., in delivering the opinion of the court, and in reply to this claim of the second mortgagee, says: “ This was doubtless so upon the case as it stood, when the defendant below offered to prove that actual notice of his first mortgage was given to the plaintiff below, when his was taken.”
We are of opinion, then, both on principle and authority, that the plaintiff’s assignor, Warner, was a “subsequent mortgagee in good, faith.that Bliss, the defendant Mason’s assignor, lost his original priority by laches; and that the plaintiffs are legally entitled to priority of lien on the property in question, as well the personalty as that which savors of the realty.

Judgment for plaintiffs.

Bartley, C. J., and Swan, Scott, and Sutliee, JJ., concurred.