Scott, J.
The first question arising in this case is, whether by force of the statute, the plaintiffs’ mortgages, upon the failure to re-file them within one year from the time of the first filing, became void as against Younglove & Hoyt, whose mortgage was executed and filed within the year, and who received the same without actual notice of plaintiffs’ mortgages.
The fourth section of the act requiring mortgages or bills of sale of personal property to be deposited with township clerks, provides that, “ Every mortgage so filed, shall be void, as against the creditors of the person making the same, or against subsequent purchasers or mortgagees in good faith, after the expiration of one year from the filing thereof, unless, wdthin thirty days next preceding the expiration of the said term of one year, a true copy of such mortgage, together with a statement exhibiting the interest of the mortgagee in the property at the time last aforesaid, claimed by virtue of such *491 mortgage, shall be again filed in the office,” etc. S. & C. St-476.
The first section of the same act provides that mortgages of goods and chattels, not accompanied by delivery, and followed by actual and continued change of possession, shall be void as against creditors, and subsequent purchasers, and mortgagees in good faith, unless the mortgage, or a true copy thereof, shall be forthwith deposited, etc.
The question in this case turns upon the proper construction and meaning of the expression “ subsequent purchasers and mortgagees in good faith,” as used in these sections.
It is well settled, in New York, under a statute substantially similar, and from which our own has been mainly copied, that to constitute “ good faith ” on the part of the subsequent mortgagee, there must be the absence of actual notice of the existence of the prior mortgage. And so it was held by this court, in Paine et al. v. Mason et al., 7 Ohio St. Rep. 198. In that case, it was also held, that constructive notice alone, of the prior mortgage, would not constitute malafides on the part of the subsequent mortgagee; and that as against him, the priority of the first mortgage could not be retained, without refiling pursuant to statute.
That decision, unless overruled, must be fatal to the claim, of the plaintiffs in this case. We are accordingly asked to reconsider the question thus decided, on the ground that the court, in that case, assumed, without full consideration, that the term “ subsequent ” in each of these sections had relation’ to the same thing; that is, to the time of the execution of the mortgage declared to be void; whereas the policy of the statute requires the term “ subsequent,” in the fourth section of the act, to be construed as relating to the expiration of the year within which the re-filing is required. And in support of this view, we are referred to the case of Meach v. Patchen, 4 Kernan, 71, in which it was so held by the court of appeals-of New York (Mitchell, J., dissenting). The decision of the majority of the court, in that case, is supported by reasoning, which is, certainly, not without force. But it is a construction-given to the statute after its adoption in this state, and in op *492 position to the opinion expressed by Justice Cowen, in Gregory v. Thomas, 20 Wend. 19, prior to the enactment of the statute 'in this state. This latter opinion, it is true, was of an obiter • character, but I am not aware of any New York decision to the contrary, prior to the enactment of our own statute. Sub- . sequent decisions, which could not have been before the mind •of the legislature, can throw no light on its intentions. Be,-side, the phraseology of the fourth section of the statute of this state, differs somewhat from that of the corresponding section in the New York act, and is such that the term “ subsequent,” in the fourth section, can not well be regarded as referring to any later point of time than the original filing of the mortgage. The language is, “Every mortgage so filed .shall be void, as against the creditors of the person making the same, or against subsequent purchasers or mortgagees in good faith,” etc. Subsequent to what? The phraseology would import, subsequent to the making, or to the filing of the mortgage, which are the only acts previously spoken of. As the term refers clearly to the making of the mortgage in the first section, it should not, without strong reason, be differently construed in the fourth. And we think it by no means clear, that the policy of the act designed to place a mere creditor on a better footing than a bona fide mortgagee, in respect to the laches of a prior mortgagee.
Where a subsequent mortgage is taken in good faith, and without actual notice of a prior one, no satisfactory reason is perceived, why the rights of its owner should depend on the •fact of its date, being one day before, or one day after, the laches of the first mortgagee. In either case, the statute may reasonably have intended, that such laches should inure to •the benefit of the specific lienholder, as well as to that of the mere creditor.
Besides, no disapprobation of the construction given to the statute, in the case of Paine v. Mason, has been indicated by any subsequent legislation; and when to this acquiescence we add the further consideration, that a decision which has 'become known, and been acted on as an established rule of ¡property, should not be lightly overruled, and the law be *493 thereby rendered uncertain, we are satisfied that the former-decision of this question should stand as the law of this state,, until changed by legislative authority.
The case, then, stands thus: The plaintiffs’ mortgages, not-having been re-filed, pursuant to statute, are void as to Young-love & Hoyt, the third mortgagees; but the plaintiffs retain their priority of lien over Warren, who holds under Wilcox,,, the second mortgagee, and whose mortgage was taken with actual notice of the plaintiffs’ prior mortgages. Warren’s lien under the Wilcox mortgage, has priority over that of the third' mortgagees, and is riot to be affected by the laches of the plaintiffs. The plaintiffs’ mortgages, are then, not to affect the rights of the third mortgagees; nor is the laches of the plaintiffs to affect the rights of the second mortgagee; and whatever rights these conditions leave to the plaintiffs, they still' retain. The result will be, if the fund is insufficient for the - discharge of all mortgages, that the third mortgagees, Young-love & Hoyt, are entitled to so much of the fund as would J)e applicable on their mortgage, after satisfying Warren’s prior lien.. Warren is entitled to so much of the fund as would be-applicable to the satisfaction of his claim, leaving the third mortgage out of the question, and preserving the plaintiffs’ priority/ of lien. And the plaintiffs are entitled to the residue.
The case will, therefore, be remanded to the district court, ■ for decree and distribution pursuant to the foregoing opinion of this court, and for such further decree as may become necessary.
Brinkerhoee, O.J., and Wilder and White, JJ., concurred.
Ranney, J., having been of counsel, did not sit in this case.