Andrews, J.
It is claimed by the defendant that the assignment from Mrs. Hawkins to the plaintiff of the mortgage from Edward M. Hawkins, was a nullity, for the reason that the note of the mortgagor, given at the same time with the mortgage, and to secure the same debt, was not transferred with the mortgage to the plaintiff. The argument is that the debt and the security could not be separated, and that Mrs. Hawkins, by retaining the note, retained the debt, giving to the plaintiff only the incident, which could have n o existence apart from the debt it was given to secure. If it was essential to give effect to the assignment from Mrs. Hawkins to the plaintiff, to hold that the plaintiff acquired by that transaction an interest in the debt held by Mrs. Hawkins against her son, I should have no difficulty in reaching that conclusion. The intention of the parties was to give to the plaintiff security for the money he was about to advance to the son ; and that purpose, it was supposed, might be accomplished by a transfer of the' mortgage to the plaintiff; and Mrs. Hawkins, at the request of the son, with full knowledge of the facts, executed and sent to him the assignment, to be delivered to the plaintiff. By the terms of the assignment she transferred to the plaintiff all her right and title in the *218 mortgage “until he is fully paid.” There is no express reference, in the assignment, to the debt owing by the mortgagor, or to the note held by the mortgagee; and Mrs. Hawkins retained possession of the note until the trial. The mortgage recites an indebtedness from the mortgagor to the mortgagee of $1,000, and that the mortgage was given for securing its payment; and the condition is for the payment of the sum mentioned, at a time stated, according to the note of the mortgagor, and contains the usual power of sale in case of “ non-payment of the debt and interest.” It is a general principle applicable to the construction of grants or contracts, that They should be construed so as to give them effect, according to the intention of the parties. When a thing is granted, every thing possessed by the grantors passes, as incident, which is necessary to make the grant effectual. (Broom’s Leg. Max., 464, and cases cited.) The mortgage and the note were both securities for the debt. The mortgage was incident to the debt and not to the note; and the retention of the note by Mrs. Hawkins did not conclusively establish that she did not intend to transfer to the plaintiff, with the mortgage, the debt recited in it. (Hill v. Beebe, 13 N. Y., 556.)
But, under the circumstances disclosed in the case,, the real intention and legal consequence of the transaction was to transfer to the plaintiff the property embraced in the mortgage, as security for his advances, and not to make him simply the assignee of the mortgage. Before the assignment default had been made by the mortgagor, and the conditional title created in Mrs. Hawkins, by the mortgage, had become absolute, leaving in the mortgagor only a right of redemption in equity. (Butler v. Miller, 1 Comst., 496; Burdick v. Mc Vanner, 2 Denio, 170.) She could sell the property as owner; and when she assigned the mortgage to the plaintiff, she transferred the property itself. The mortgage was the muniment of the title and stood as its representative, and the plaintiff acquired by the assignment her title to the property which would revert to her when the plaintiff’s debt should be satisfied. It follows that, whatever right Mrs. Ha-wkins *219 had, as against the defendant, could be asserted by the plaintiff. The plaintiff stood, when the suit was commenced, in the same position in respect to the property as Mrs. Hawkins would have occupied if she had made no assignment, and was claiming the property under her mortgage title.
The defendant claimed title as assignee of a mortgage from Hawkins to Fellows, executed prior to the mortgage to Mrs. Hawkins, and also under a bill of sale and a mortgage, from Hawkins subsequent thereto. The judge, at the conclusion of the case, upon motion of the defendant, directed a verdict in his favor. When the motion was made the plaintiff’s counsel asked the court to submit to the jury certain questions touching the Fellows mortgage: First, whether there was a tender of payment of that mortgage by the plaintiff before suit brought; and, second, whether the defendant claimed under it when the plaintiff demanded the property. He also requested the court to charge the jury that the defendant acquired no title by the transfer from Fellows, on the ground that the note mentioned in the mortgage was not transferred with it. The court was. not requested to submit to the jury the question of the bona fides of this mortgage, and the judge was clearly right in refusing the requests made by the plaintiff in respect to it. The tender, if made, did not reinstate the title of the mortgagor. (Charier v. Stevens, 3 Den., 33.) The omission of the defendant, when the demand of the property was made by the plaintiff, to state the origin and character of his title, did not, estop him from afterward asserting any title he might have; and it clearly appeared that it was the intention of Fellows to transfer, with the mortgage, the mortgage debt. The plaintiff also requested the court to submit to the jury the question whether the mortgage and bill of sale to the defendant, executed subsequent to the plaintiff’s mortgage, were bona fide.
It is to be assumed that the mortgage to Mrs. Hawkins, under which the plaintiff clai med, was valid. The court could not have directed a verdict for the defendant on the ground *220 of its invalidity, nor, so far as it appears, did it do so. The plaintiff was entitled to recover under that title unless it was defeated by the defendant’s title under the Fellows mortgage, which was the prior and paramount lien; and as the bonafides of that mortgage was not questioned, the direction of the verdict was clearly proper, except for the fact now asserted, but which was not suggested at the trial, and which from an inspection of the instruments appears to be true,, that some articles of property, of small value, covered by the mortgage to Mrs. Hawkins are not included in the Fellows’ mortgage. As to these the plaintiff was entitled to recover; and if it had been suggested to the court that they were not included in the prior mortgage, the proper directions might have been given. But the requests made by the plaintiff in opposing the motion to direct a verdict, assumed the right of the defendant to the property in litigation, if he stood in the right of Fellows, and the bill of sale and mortgage to him were bona fide. The plaintiff, cannot now change his ground. The case was tried on the assumption that the Fellows’ mortgage embraced all the property included in the plaintiff’s mortgage, and the plaintiff cannot now ask for the reversal of the judgment because the. court proceeded upon a mistake of fact which was occasioned by his own conduct.
The question of the bonafides of the bill of sale and mortgage to the defendant, as the case stood when the verdict was directed, was irrelevant; but if material, there was no evidence which would have justified a verdict impeaching them; and as the plaintiff was not a subsequent creditor or purchaser (within 2 R. S., 136, § 5), the court was not bound to submit the question of bona fides to the jury. (Bennett v. Earll, 21 Wend., 117; Frisbey v. Thayer, 25 id., 399.)
The judgment should be affirmed with costs.
All concur; Church, Ch. J., and Folger, J., in result.
Judgment affirmed.