By the Court.—Curtis, Ch. J.
—The facts are conceded, and the case presents a single question of law. The' defendant is liable in this action if suit was brought against the company within one year after the debt became due by the company (3 R. S. Edm. Ed. 738, § 24).
The question raised here is in respect to the time when the debt of the company by law became due.
It is apparent from the facts in the case that the same question is to be asked here, that was asked in respect to an analogous state of- facts by the learned judge rendering the opinion of the general term of the supreme court in Parrott v. Colby (6 Hun, 57). *281 "Which was the indebtedness of the company to which the liability of the . . . stockholder attached,— the note, or the debt for which . . . the note was given ? ’ ’ The question was there answered, by holding that the giving of the note did not merge or extinguish the original indebtedness, but only operated to extend the time of payment, and that if the corporation was not sued within a year from the time the original debt became due, the liability of the stockholder ceased, and that it could not be renewed or extended, by any renewal or extension of the indebtedness, which the creditor might make with the corporation.
That the taking of the debtor’s note does not merge' or extinguish the demand for which it was taken, is sustained by a series of decisions in this State, which are cited in the opinion in Parrott v. Colby (Tobey v. Barber, 5 Johns. 68; Gregory v. Thomas, 20 Wend. 17; Cole v. Sackett, 1 Hill, 516; Waydell v. Luer, 5 Id. 448).
The general manufacturing law of this State has furnished so many pitfalls for inexperienced or unwary stockholders, and has operated so disadvantageously, in forcing capital out of the State, to be employed where these dangers do not exist, that courts may well hesitate before giving it such an interpretation as places the stockholder in a position where no lapse of time can protect him from liability, if the corporation and the creditor chose to change the original debt on which liability has lapsed into a note to be afterwards put in judgment against the corporation.
The respondent relies upon Fisher v. Marvin (47 Barb. 161), to sustain the decision appealed from. It appears from the opinion of the learned judge who rendered the decision now under review, that his views were similar to those presented in the recent case of *282 Parrott v. Colby (supra), to which his attention was not called, but that he felt constrained to regard Fisher v. Marvin as a controlling authority. But this latter case, which was decided by a divided court, may now be considered as overruled by Parrott v. Colby, where the question received a careful consideration, and was determined by an undivided court.
The judgment appealed from should be reversed ; and as the facts are all conceded, judgment should be rendered in favor of the appellant dismissing the complaint.
Sanford and Freedman, JJ., concurred.