STEPHEN C. WHITAKER v. GEORGE WESTFALL ET AL.

VALIDITY OF CHATTEL MORTGAGE UPON WHICH A DEFECTIVE STATEMENT OF THE MORT-GAGEE'S CLAIM HAS BEEN ENDORSED:

The lien of a chattel mortgage upon which a defective statement of the nature of the mortgagee's claim has been endorsed, is prior to that of a later mortgage upon the same chattels taken with actual notice of the former mortgage.

ON APPEAL from the Court of Common Pleas of Darke county.

SHAUCK, J.

This case involves the validity of a chattel mortgage executed by the principal defendant, Westfall to Fletcher and Nealeigh, Sept. 26, 1885, and filed upon the same day, as against a mortgage upon the same chattels, executed by the same mortgagor to the plaintiff Whitaker, and filed on the 21st of October, 1885.

The invalidity of the earlier mortgage is asserted upon the ground that it was executed to Fletcher and Nealeigh to indemnify them against loss by reason of their having executed with the mortgagor, as his sureties, a note of that date to one Orin Haworth, while the statement under oath thereon made is not substantial compliance with the provisions of sec. 4154, Rev. Stat.

The mortgage was executed to indemnify the mortgagees against a liability as surety for the mortgagor. The statement endorsed is as follows:

"The State of Ohio, Darke County, ss.:

"John W. Fletcher and Daniel Nealeigh, mortgagees, being duly sworn, says the within mortgage is made *bona fide;* and that there will be due thereon the sum of $115.00 in six months from Sept. 26, 1885, with 8 per cent. interest from said date, and that the sum is just and unpaid."

The second clause of sec. 4154, Rev. Stat., is as follows:

"And if (the mortgage be) given to indemnify the mortgagee against a liability as surety for the mortgagor, such sworn statement shall set forth such liability, and that the instrument was taken in good faith to indemnify against loss that may result therefrom."

That the statement in question is not a substantial compliance with the statute is settled beyond controversy by Hanes v. Tiffany, 25 O. S., 549, where a statement differing from this in no substantial respect was held to be fatally defective. While the purpose for which the mortgage was given, is clearly stated in its condition, the sworn statement contains no such reference to the condition or the instrument as would bring the case within the authority of Gardiner v. Parmalee, 31 O. S., 551.

We have next to inquire as to the consequence resulting from the failure of the defendants to comply with the requirements of the statute in the respect indicated. The statute provides that the requisite statement shall be made "before the instrument is filed." The statement is not made essential to any purpose for which the instrument would be valid without filing. It is a condition precedent to the lawful filing of the mortgage. An instrument filed without the required statement derives no additional force from such filing. It does not operate as constructive notice to any one. The terms of the statute and the language of the supreme court in the cases cited and others in which this section has been considered, require us, in view of the defect in the statement, to regard the rights of the parties as unaffected by the fact that the first mortgage was filed before the second was executed.

The plaintiff is a subsequent mortgagee. It is proved by his own testimony and that of Fletcher, that when he took his mortgage he had express notice of the mortgage of the defendants. Is he within the class of persons as to whom the statute makes an unfiled mortgage void? It is not the object of this statute to destroy or limit the power of parties to contract with each other. Mortgages not containing the statement referred to, and not filed conformably to sec. 4151, Rev. Stat., are nevertheless good as between the parties.

Section 4150, designates the persons as to whom such unfiled mortgage shall be void. They are: "The creditors of the mortgagor, subsequent purchasers, and mortgagees in good faith." As the legislature has thus defined the consequences that are to result from a failure to comply with the statute, the courts are without authority to enlarge them by reference or construction.

The plaintiff is a subsequent mortgagee. Is he a "mortgagee in good faith?" The terms of sec. 4150, are repeated in sec. 4155, which provides for the re-filing of such instruments within thirty days next preceding the expiration of one year from the date of the original filing, and describes the persons as to whom a failure to so re-file shall render the instrument void. The phrase "mortgagee in good faith," as used in the last named section, has received authoritative construction by our Supreme Court in Paine et al. v. Mason et al., 7 O. S., 198. There, as here, there was no charge of actual fraud made by either party. Like this case, it was simple controversy between mortgagees as to priority; the holder of the earlier mortgage in that case having failed to refile his mortgage as required by the statute, while here he failed to comply with another provision of the statute, the failure in both cases having the effect to render the mortgage void as to "subsequent mortgagees in good faith." The court there reached the conclusion that a subsequent mortgagee with actual

notice of a prior mortgage is not a mortgagee in good faith within the meaning of the section. They quote approvingly the following language of the court in Gregory v. Thomas 20 Wend., 17, where the effect to be given to the same phrase in the statute of that state was determined: "Notice of the existence of an unpaid prior mortgage of personal property, destroys the preference which a second mortgagee would otherwise be entitled to claim, in consequence of possession not accompanying the first transfer, and by reason of the omission of the first mortgagee to refile his mortgage within the period prescribed by the statute."

The doctrine of this case is re-considered and affirmed in the case of Day et al. v. Munson et al., 14 O. S., 488, although in the meantime Gregory v. Thomas, *supra*, had been overruled by the court of appeals in New York.

We are therefore brought to the practical conclusion that the actual knowledge which the plaintiff is admitted to have had of the existence of the prior unpaid mortgage of the defendants, destroys the preference which would otherwise have resulted from their failure to make the required statement on their mortgage.

The petition will be dismissed.

Anderson, Clarke & Chenoweth, for plaintiff.

Knox & Trainor, for defendants.