By the Court—Robertson, J.
The first objection in this case is that the mortgage was not refiled in one year from its original filing. But the property which forms the subject of this action , was sold by the defendants' directions, nearly six months before the end of that year. If they were wrongdoers at the time of the sale, they cannot shelter themselves under the character of creditors, at this time, to defeat the plaintiff’s claim; his right to such redress became perfect at the time of the sale. The plaintiff cannot lose his right of action, by failing to perform the useless ceremony of refiling the mortgage, after the defendants have rendered it worthless as a security.
The next objection to the plaintiff’s right to recover is that the plaintiff was present at the sale, and did not forbid it. The defendants knew his claim at the time of such sale, and cannot avoid liability when they did everything to defeat it. The plaintiff was not bound to give such notice; the defendants, who were putting the property out of his reach, if. any are, were bound to give it, if they wished to save his rights in enforcing their own. If they sold only the judgment debtor’s right, title and interest, there might have been no necessity for mentioning the mortgage, but selling the articles themselves, after notice of the plaintiff’s lien, in a manner to defeat that lien, was. a wrong for which they are responsible. The plaintiff undoubtedly might have given notice of his mortgage to every purchaser, and sued him for the article bought, in case he refused to deliver, it up, when the mortgage should become due, but he was not bound to do so.
The fact that one of the purchasers (Gosling) was originally sued in this action and afterward omitted as a party, cannot alter the plaintiff’s right or his amdtint of damages against the present defendants. If the former was bound to proceed against the purchasers, the latter *241 were exempt, but if the latter were liable, he was not bound to sue the former.
The sole ground of complaint is, that the defendants, with knowledge of the plaintiff’s lien, dispersed the goods, so as to render it impossible for him to enforce it. A purchaser of them from the original mortgagor, would have been equally liable for doing the same thing, with the same knowledge. A mortgagee is entitled, until his mortgage is due, to have the mortgaged property so kept together or placed as to be within his reach when his mortgage becomes due. The mortgagor, and all who acquire title under him, to the equity of redemption, with knowledge of the mortgage, become, substantially, bailees for the mortgagee, and are bound to preserve the property for him when his mortgage becomes due. It is immaterial, therefore, how carefully the sale was conducted and what efforts were made to have the property bring the highest price.
There appears to have been twenty-two lots of articles sold, of which the former defendant, Gosling, bought eleven. Several other persons bought the rest, which were sold separately. There were a great many other articles sold at the same time not belonging to the plaintiff or the mortgagor. Although the testimony is not very definite as to the number of purchasers, the separation of the articles in the sale and the fact that there were several purchasers, is sufficient to sustain the verdict of the Jury. The only instruction given to them in regard to the mode of sale, was that the taking, followed up by the selling in the manner the property was sold, was in violation of the plaintiff’s rights; and an exception was taken to a refusal to correct the previous part of the charge as to the liability of the defendants for taking in any other particular. Where the evidence made out a prima facie case, however vaguely, of numerous purchasers and a scattering of the goods, we have a right to infer, in the absence of evidence to the contrary, that the jury adopted the proper rule of law, and found the facts to conform to it. There was no *242 request to the Court -on either side, to render the charge more, explicit as to the mode of selling intended; both parties were willing to presume that the Jury understood it in the sense they desired, and that is sufficient. It was in the power of the defendants to have shown1 distinctly, that the purchasers were few and easily accessible; the sale was undoubtedly, therefore, made.in ,such a way as to debar the plaintiff from being redressed for the loss of his pledge, except by multiplied litigation and considerable research, if successful at all. And the case comes within the rule laid down in it when it was before the Court of Appeals. (23 N. Y. R., 539.)
The first motion to. dismiss the complaint was' properly refused upon either ground upon which it was asked ; it was proved that the defendants took the property, and it was immaterial who had it when the mortgage became due.
Of the grounds upon which the second motion to dismiss the complaint was made, seven of them, consisting of the first and last four except the fourteenth, are directly contrary to the former decision of this case both in this Court and the Court of Appeals. (See 1 Bosw., 459; 23 N. Y. R., 539.) The sixth is but a corollary from the preceding five. The fifth and eleventh, which required the plaintiff to do that, by creating necessity for doing which, the liability of the defendants arose, to wit, to find the goods and purchasers, are-of course untenable. The seventh, in regard to the necessity of proceeding against a purchaser, and the fourteenth in regard to the actual suit against a purchaser, have already been disposed of. The tenth in regard to the attendance of the plaintiff at the sale,.has also been disposed of. The eighth and ninth, founded on a, supposed ratification of the sale, and an election to make one of the purchasers liable, are equally without support in the testimony, or in any-rule of law.
In regard to the requests on behalf of the defendants to charge the- jury, the first related to the necessity of the plaintiff’s exerting himself to get the goods from the pur *243 chasers; the second to the limiting of his recovery to the expenses he should be put to in a successful search, or their value after an unsuccessful search for them; the third related to making one of the purchasers liable instead of the defendants, and the fourth to the necessity of the defendants having the property within possession at the time of the mortgage becoming due; and these questions have already been disposed of. The request to correct the charge by considering the presence and silence of the plaintiff at the sale as an assent, was properly refused. The leading opinion in the Court of Appeals in this case seems to sanction the doctrine that by the parties in this case omitting to notify the purchasers of the mortgage, the plaintiff’s remedy against the defendants was forthwith perfect, but his right against the purchasers was only complete on the exhaustion of such remedy against the defendants.
There being no errors of law in the case, the judgment and order denying a new trial should be affirmed with costs on each, the latter to be fixed at ten dollars.