OLE O. GALDE v. GEORGE W. FORSYTH.

May 12, 1898.

Nos. 11,110—(189).

**Execution—Levy on Mortgaged Chattels—G. S. 1894, § 5458—Levy on Part.**

From the findings it appeared that, when levying an execution on the right and interest of the debtor in certain mortgaged goods and chattels (G. S. 1894, § 5458), the officer did not seize all of the property covered by the mortgage. *Held*, in the absence of any finding which indicates that the mortgagee's interests were jeopardized or his rights invaded by a failure to seize all of the mortgaged property, that the levy upon a part thereof was valid and effectual.

**Chattel Mortgage—Insecurity Clause—Levy on Mortgagor's Interest —Removal of Mortgaged Property by Officer.**

Just cause, based upon the actual existence of facts constituting a reasonable ground for a mortgagee of goods and chattels to believe himself insecure, does not exist when the bare fact is that an officer making a levy on the mortgagor's right and interest in such property has removed it from the town in which it was when mortgaged to another town, the county seat.

Action of claim and delivery of personal property in the district court for Watonwan county. The case was tried before Severance, J., whose findings embraced the following facts: One Horton, on May 25, 1896, executed to plaintiff a chattel mortgage on the property described in the complaint, together with other property, to secure the payment of $1,000. The mortgage, which was duly filed, contained a clause authorizing the plaintiff, at any time when he should deem the debt secured to be insecure, to take possession of the property, and to sell and dispose of it at public auction, as provided by law. The mortgage also provided that the mortgagor should remain in peaceable possession, so long as the conditions of the mortgage should be fulfilled. The Warder, Bushnell & Glessner Co. obtained judgment for $167.55 against Horton, and August 5, 1896, defendant, as sheriff, by virtue of an execution issued thereon, levied upon Horton's interest in the property described in the complaint, which was then in Horton's possession, and removed

it from the town of Long Lake, in which it then was and in which the mortgage was filed, to the town of St. James, in the same county. On August 12, 1896, plaintiff, deeming his debt insecure by reason of defendant's levy, served on Horton notice of foreclosure of the mortgage, and served on defendant an affidavit of his claim to the property, and as mortgagee demanded possession of the defendant, to enable him to foreclose. Upon defendant's refusal to surrender the property plaintiff commenced this action, and caused the property to be replevied and delivered to him. As conclusion of law the court found that plaintiff was entitled to possession of the property described in the complaint. From a judgment in favor of plaintiff defendent appealed. Reversed.

*Seager & Lobben,* for appellant.

*W. S. Hammond,* for respondent.

COLLINS, J.

In Barber v. Amundson, 52 Minn. 358, 54 N. W. 733, it was held that an officer levying an execution upon a mortgagor's right and interest in mortgaged chattels for the purposes of sale, after default, but before possession had been taken by the mortgagee, has the right of actual custody, and, as against the mortgagee, to detain the same for the time prescribed by law for bringing them to sale on the execution. The only features which distinguish that case from the one before us are that in this no default had occurred, a part only of the mortgaged property was seized by the officer, the mortgage contained what is known as the "insecurity" clause, and the mortgagee claimed his right under this clause to reduce the property to possession for foreclosure purposes, because a levy had been made; and, further, that from the findings it appeared that when levying on the property defendant officer removed it from the town of Long Lake, in which the mortgaged property was and in which the mortgage was filed, to the town of St. James, the county seat.

The first question arises out of the fact that the officer did not levy upon and take into his possession all the mortgaged property. By the execution, he was commanded to satisfy by seizure and sale a judgment for the sum of $167.55, and the property so seized and levied upon was found to be of the value of $190. It does not ap-

pear of what the mortgaged property not levied on consisted, nor are we informed of its worth. It might not have been in existence when the levy was made, or it might not have anything more than a nominal value. The case of Manning v. Monaghan, 1 Bosw. 459, is relied upon as authority for the proposition that all the mortgaged property must be levied on by the officer. Possibly the case is authority for the claim that an officer cannot sell mortgaged property piecemeal and to different persons, thus scattering it; but it goes no further. An examination of the opinion will satisfy the reader that it does not sustain the contention of counsel. The presumption is that the officer performed his duty and complied with the law when making the levy; and, in the absence of any finding which would indicate that the mortgagee's interests were jeopardized or his rights invaded by the omission to seize all the mortgaged property, we cannot hold that the latter was entitled to recover possession of that which was seized.

On the findings of the court, the insecurity clause in the mortgage was not available to plaintiff, unless the fact that the levy itself, or the other fact that the officer removed the property from the town in which it was seized to the county seat, justified the mortgagee in seeking to enforce the clause by means of this action. If the fact of the levy warranted an enforcement of the insecurity clause, the law (G. S. 1894, § 5458) construed in the Barber case, which authorizes a levy upon and sale of the mortgagor's right and interest in the chattels, would be of no practical availability in any case where the mortgage contained such a clause. The officer making the seizure would be powerless. He could not retain possession without the mortgagee's consent, and he could not sell the chattels without such possession. The statute would prove a nullity.

Nor, in a case where nothing appears from the findings but the bare fact that the officer has removed the property from the town in which it was when mortgaged to the county seat, can it be held that the mortgagee may recover possession under the insecurity clause. That fact standing alone is insufficient to justify the mortgagee in acting. It is not "just cause, based upon the actual existence of facts constituting a reasonable ground for" believing

himself insecure,—a condition of things which must exist to warrant a taking by the mortgagee under the provision in question. Deal v. D. M. Osborne & Co., 42 Minn. 102, 105, 43 N. W. 835. The seizure by the officer under the execution expressly recognized the rights of the mortgagee. The levy being made subject thereto, the removal was by an officer and, we are to presume, in strict performance of his duty. There is nothing to show that there was the slightest infringement upon the mortgagee's legal rights or that he was even inconvenienced by such removal. The statute provides in terms that the purchaser at the execution sale shall be entitled to the possession of the mortgaged chattels on complying with the terms and conditions of the mortgage. Evidently the intent is to fully protect the mortgagee.

Judgment reversed, and, on remittitur, judgment in favor of defendant will be entered, unless the trial court grants a new trial upon a proper showing.

START, C. J., dissents.