THE JAGGER IRON COMPANY, Appellant, v. HENRY H. WALKER, Respondent.

The taking, by a creditor, of the debtor's note for an existing indebtedness does not merge or extinguish the indebtedness; the note is simply evidence of the debt, and its operation is only to extend the time of payment.

When default is made in payment, the creditor may sue upon the original demand and bring the note into court to be delivered up on trial.

And so, successive renewal notes are simply extensions from date to date of the time of payment.

This rule is not changed by the facts that the first of a series of notes so given was indorsed and procured to be discounted by the creditor, and the succeeding ones were each discounted to raise money to take up the preceding one. No note in the series is a payment of the preceding one, unless there has been a discharge of the creditor as indorser, or

unless by the transaction he has obtained a claim against another party.

*Bank of Salina* v. *Babcock* (21 Wend., 501), distinguished.

*Fisher* v. *Marvin* (47 Barb., 159), overruled.

Accordingly *held,* where a manufacturing corporation gave its note for goods purchased, which was indorsed, discounted and renewed from time to time, the last note taken up by the vendor, action brought thereon and judgment obtained against the corporation, that the indebtedness arose on the purchase and became due on the maturity of the first note within the meaning of the provisions of the general manufacturing act (§ 24, chap. 40, Laws of 1848), declaring that no stockholder shall be personally liable for a debt of such a corporation unless a suit for the collection thereof shall be brought against it within one year after the debt became due; and that, as the action against the corporation was not brought within a year after the maturity of the first note, a stockholder was not personally liable for the debt, because of failure to file a certificate of the paying in of the capital stock of the corporation, as required by said act.   (§ 10.)

It *seems,* that the bank which discounted any one of the notes could have held it as a new liability, and could have enforced it irrespective of the original indebtedness.

(Argued March 17, 1879 ; decided March 25, 1879.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, in favor of defendant, entered upon an order reversing a judgment in favor of plaintiff, entered upon a decision of the court on trial without a jury, and directing a judgment dismissing plaintiff's complaint.

This action was brought against defendant, as a stockholder of the Hudson River Iron Company, to recover the amount of an indebtedness of said corporation to plaintiff, upon the ground of the non-filing of the certificate of the payment in of its capital stock, as required by the general manufacturing act.

It appeared that in July, 1872, plaintiff sold to the company a bill of iron, for which its note was given, payable in five months, which plaintiff procured to be discounted ; at maturity the company gave a new note, payable in three months, which the plaintiff procured to be discounted, and with the proceeds took up and paid the prior note, which

was thereupon canceled and surrendered. On the 4th day of March, 1875, the company gave a new note, payable three months after date, which was used as before, and the former note canceled and surrendered. Again, on the 5th day of June, 1875, a new note, payable in three months, was given, which was also used as before, and the former note canceled and surrendered.

Suit was brought on this last note March 17, 1876, and judgment obtained, and upon the return of the execution wholly unsatisfied this action was commenced in April, 1876.

*Samuel Hand*, for appellant. The debt upon which plaintiff recovered accrued within a year before the commencement of this action. (*Brown* v. *Burrall*, 31 N. Y., 114; *Stettheimer* v. *Meyer*, 33 Barb., 215; *Bk. of N. Y.* v. *Vanderhorst*, 32 N. Y., 553; *Bk. of Salina* v. *Babcock*, 21 Wend., 501; *Youngs* v. *Lee*, 12 N. Y., 551; *Day* v. *Saunders*, 1 Abb. Ct. App. Dec., 495; *Fisher* v. *Marvin*, 47 Barb., 159; *Bk. of Sandusky* v. *Scoville*, 24 Wend., 115; *Pratt* v. *Foote*, 9 N. Y., 463.) The bank being a holder for value, and in good faith of the last note, plaintiff being compelled to pay the same as surety, is subrogated to the position of the bank and has it rights and remedies against the maker. (*Hayes* v. *Ward*, 4 J. Ch., 122; 1 Parsons on Bills, 162.)

*William F. Shepard*, for respondent. The note of a debtor, given for an existing indebtedness, is in no sense a payment thereof, and does not create a new debt; but is merely an evidence of the debt and an extension of the time of payment; and on non-payment of the note the original indebtedness may be sued on. (*Parrott* v. *Colby*, 6 Hun, 55, 57, 58, 59; 71 N. Y., 597.) The fact that plaintiff himself got the renewal notes discounted, and thus took up each note except the one in suit, does not change this case. (*Parrott* v. *Colby*, 6 Hun, 59.)

FOLGER, J.   The merits of this appeal, hang upon the question, whether the indebtedness of the Hudson River Iron Company, for iron sold to it, was merged in, and satisfied by the first note given by it for $634.33.

We are of the opinion that it was not; and that the note, and those given in succession after it, were but continued evidences of the first indebtedness, and extensions from date to date, of the time of payment thereof.

Such is the result of the adjudications in cases like this in hand; though the question has not, in all of them, been sharply presented and made the ground of judgment.   (See *Garrison* v. *Howe*, 17 N. Y., 458, 465; *Deming* v. *Puleston*, 55 N. Y., 655; aff'g, S. C. in 3 Jones & Sp., 309; *Boughton* v. *Otis*, 21 N. Y., 261, 265; *Jones* v. *Barlow*, 62 id., 202.)   Such too is the result of adjudications in analogous cases.   A note, given to renew and take up a note tainted with usury, is itself tainted: (*Tuthill* v *Davis*, 20 J. R., 285; *Reed* v. *Smith*, 9 Cow., 648; *Jackson* v. *Packard*, 6 Wend., 415.)   Where a chattel mortgage is given to secure a debt, the taking of a new note and a new mortgage, does not extinguish the original debt, nor the first mortgage: (*Hill* v. *Beebe*, 13 N. Y., 556; *Gregory* v. *Thomas*, 20 Wend., 17..)

These cases all go upon the principle, that the taking of a debtor's note, does not merge or extinguish the demand for which it is taken.   The original consideration remains. Indeed, but for the original consideration, the note would have no force.   It is but a promise to pay, put in writing. If there is no debt existing to be paid, the promise to pay it is, so to speak, null.   The promise to pay is not payment, when first made, nor when at any time it is renewed; (see 20 Wend. [*supra*]; *Waydell* v. *Luer*, 5 Hill, 448; *Cole* v. *Sackett*, 1 id., 516.)   The operation of such a note, is, to extend the time of payment until the note becomes due.   If it be not paid then, the creditor may sue upon the original demand, and bring the note into court, to be given up on the trial; (*Muldon* v. *Whitlock*, 1 Cow., 290.)

Indeed, we should have thought that this case was in sub-
stance that of *Parrott* v. *Colby*, 71 N. Y., 597; aff'g, S. C.,
6 Hun, 55 ; but for the attempt to show that they are not
alike. Save for the fact, that, in that case, the year in which
to sue, prescribed by the statute, had run before the note
was given, the cases are alike. There, the giving of the note
was held not to be the making of a debt, but only a promise
to pay the old one, and an extension of time for payment.
Some facts in that case, made it stronger for the plaintiff
there, than is the case here for the plaintiff in it. Doubt-
less, the holder of a note, who surrenders it, gives a good
consideration for the note of a third party, which he takes
in its place ; (*Brown* v. *Burrall*, 31 N. Y., 114.) But there,
comes in the liability of the third party, and the contracting
parties are changed, and a new consideration is raised, into
which the old one is merged, or, by the taking of which, the
old one is extinguished. The giving up of one promise to
pay, on taking another from the same party, is but a con-
tinuation of the promise, and the giving of further time to
perform it. As the first did not pay the debt, the other
does not redeem the promise of the first, nor itself pay the
debt.

It is claimed, that the raising of money on the second or
later note, and using it to take up the first or former one, is
a payment of it. If there had been the discharge of the
plaintiff from further liability by reason of its indorsement
of the first note ; or if by the transaction it had obtained a
claim against another party ; there would be more plausi-
bility in the position. In fact, the plaintiff never gets by
the operations with the successive notes, any satisfaction of
its original claim. It has got discounted the note of its
debtor, but is liable to pay it when due if the debtor does
not pay. It does pay it when due, by the avails of another
like discounting. It has the use of money, by using its
credit and incurring liability. It has never yet received
compensation for the property it sold. The cases cited to
the contrary, are, where notes with other parties have been

discounted, and the avails applied to the payment of notes with different names upon them : (*Bank of Salina* v. *Babcock*, 21 Wend., 501.) The bank, indeed, which discounted the first or any other note, could have held it as a new liability, and enforced it, irrespective of the original indebtedness. It is enough to say that it did not. It looked to the plaintiff for the money to take up the discounted note. The plaintiff paid it, and received back again the unredeemed promise of the primary debtor. Indeed, the fallacy that runs through the whole argument, is, that a promise to pay is payment, because it is put in writing in the form of a promissory note instead of being oral, and the note used as a means of borrowing money. Until the promise is in fact redeemed, there is no payment. Until payment, there is no satisfaction of the indebtedness for the goods sold.

The appellant relies upon *Fisher* v. *Marvin*, 47 Barb., 159. We are not able to distinguish this case from that, nor to reconcile it with that ; nor can we decide this case in accord with that.

The judgment should be affirmed.

All concur, except Miller, J., not voting.

Judgment affirmed.