Boardman, J.
I concur in the result of Mr. Justice Learned’s opinion that the judgment must be reversed and a' new trial granted, and for the reasons therein stated, namely, that it is not proved that all the debts of the county, except the $20,800.44, have been paid. It is not proved that all the money raised by the county for the payment of its debts, has been so *476 applied. It is not a payment of a debt, to raise the necessary money and put it in the hands of the proper officer to be applied in payment, if in fact it has not been so applied. And the false reports or declarations of the dishonest officer, that he has paid such debts, will not in my judgment be evidence against the creditor. This is all that I need say upon the point so fully discussed by my brother Leabned.
The demurrer to the complaint, admitted the existence of $188,000, in notes or bonds issued by the county treasurer, and fair upon their face as apparent liabilities of the county, and held by the defendants. It was further thereby admitted that but $20,800 of such apparent liabilities were real and valid obligations, while the remainder were not legal or valid debts against the county. The evidences of debt being all equally fair, and incapable of separation into good and bad debts, the court of appeals has held that equity will intervene and determine the matter. The learned judge, in writing the opinion in the court of appeals, declines to classify this action under any general head of equity jurisdiction, but says it combines to a greater or less extent the elements of several. No intimation is given by the court of appeals as to the status of the county treasurer, whether he is or is not the agent of the county in the issue of such obligations. Whether the defendants acted in good faith in their dealings with the treasurer, and whether they parted with full value on receiving from him the evidences of debt which they respectively hold, was not passed upon by that court. So, as I think, these questions are now before us for the first time.
The supervisors might or might not authorize the treasurer to borrow money, and extend debts. In this respect he was not an independent officer, or branch of the executive department of the county, having powers and duties independent of the .supervisors. *477 This, as to the transactions in question, made the treasurer the agent of the board of supervisors, as it seems to me. He was acting under their direction and authority, and that not by force of positive law. The law gave the supervisors the power to make the treasurer their agent. It would have been very different if the treasurer, in the absence of any debts of the county, and without the pretense of authority, had issued the notes or bonds of the county. Such an act would be without the sanction of law, and without the semblance of authority. In the present case, the law granted power to -the plaintiff, and the plaintiff authorized the treasurer to execute the power. He became thereby the agent of the plaintiff, in the discharge of such duty, and could bind his principal as any other agent by his acts within his apparent authority Any other person could have been appointed plaintiff’s agent as well.
His apparent authority in this case was to borrow $8,000, and to renew an undefined amount of notes and bonds. The authority, as generally given by the resolutions of the supervisors, was not limited in amount. In all such cases the lenders had no means of knowing when the treasurer’s authority was exhausted. They could not know when he had borrowed $8,000. They could not know when he had received or paid old debts. Such facts were known only to the dishonest officer. It would seem to me extravagant, as it certainly would be absurd, if not impossible, to require every lender to examine the records of the supervisors, and the books, vouchers and accounts of the treasurer, and from them determine, at his peril, whether the treasurer was acting within his authority. The authority was good upon its face, and the lender, acting in good faith and parting with value, was, and is, in my judgment, entitled to protection. The extension of an old debt is accomplished in law when it is paid by *478 money borrowed of a third party (76 N. Y. 521). Hence the power to extend an undefined amount of debts gives the power to borrow for that purpose an undefined amount of money.
But it is unnecessary to pursue the subject. The case must go to the court of appeals in the end. It is sufficient now to say that the judgment should be set aside, and a new trial granted, for the reason assigned by Mr. Justice Leabuxed. The other questions will be considered when necessary.
Judgment reversed. New trial ordered, costs to abide event.
No appeal was taken, and the action was subsequently discontinued.