IN THE MATTER OF THE CLAIM OF BYRON O. SPENCER, RESPONDENT, *v.* ALFRED C. HODGMAN, AS ASSIGNEE, ETC., OF CHARLES HOOPER, FOR THE BENEFIT OF HIS CREDITORS, APPELLANT.

*Notes given to an employee — if negotiated, the wages which they off-set are not entitled to a preference under an assignment for creditors by the employer.*

An employee, who had rendered valuable services, received, during the term of such employment, the accommodation notes of his employer, which, with the cash paid him, exceeded the amount he had earned. These notes the employee indorsed and transferred, and thereafter the employer made a general assignment for the benefit of his creditors, at which time the notes belonged to other parties than the employee. Subsequently the notes were paid for, and were obtained again, by the employee.

*Held,* that the employee was not entitled to a preference in the payment of such notes, under the general assignment, by virtue of the provisions of chapter 283 of the Laws of 1886, preferring all wages or salaries actually owing to the employees of the assignor at the time of the execution of the assignment.

That, whether the notes paid the original indebtedness or not, the employee, by reason of their transfer prior to the time of the assignment, had at that time no claim for wages or salary as against the estate of the assignor.

APPEAL by Alfred C. Hodgman, as assignee, etc., of Charles Hooper, from an order entered in the office of the clerk of the county of Washington on the 8th day of January, 1890, by which it was adjudged by the county judge of Washington county that the claimant, Byron O. Spencer, was entitled to a preference under the statute in payment of his claim out of the assets of the estate of Charles Hooper, who had made an assignment thereof for the benefit of his creditors.

*L. H. Northup,* for the appellant.

*C. L. Jones,* for the respondent.

LEARNED, P. J. :

Alfred C. Hodgman is the general assignee of Charles Hooper for the benefit of creditors. Byron O. Spencer made a claim that, as an employee of the assignor, he was entitled to a preference on a debt of $234.77 and interest. It was agreed between the parties that the matter should be heard before the county judge and should be

deemed a part of the final accounting of the assignee. The county judge on a hearing decided that Spencer was entitled to a preference as such employee, and the assignee appeals.

The claimant was employed by the assignor and worked for him from April 1, 1887, to August 27, 1888, the date of the assignment. The services at the rate agreed on amounted in value to $779.82, on which the claimant had received $506.37 in cash. At least these are the amounts stated by the county judge, and they are sufficiently accurate for the present purpose. The assignment was made July 27, 1888. Previously to that time Hooper had given to Spencer three notes made by Hooper, dated, respectively, April 9, 1888, May 1, 1888, and May 1, 1888, amounting in all to $432.46. These were not given for indebtedness then owing, but, as Spencer says, were accommodation notes; that is to be earned by future services. Thus it is that the aggregate of the notes and of the cash paid exceeds the amount earned by Spencer.

These notes Spencer indorsed and transferred a few days after he received them; and at the time of the assignment, and for several months thereafter, the notes belonged to other persons. In January, 1889, or thereabouts, the claimant paid for the notes and took them into his possession. How much he paid does not appear.

The claimant relies on chapter 283, Laws of 1886, providing as follows: " In all distribution of assets under all assignments made in pursuance of this act the wages or salaries actually owing to the employees of the assignor or assignors at the time of the execution of the assignment shall be preferred before any other debt."

Now, the obvious answer is that at the time of the assignment there were no wages or salaries actually owing to the claimant. Whatever was owing for his salary or wages had been transferred by him and was owing to other parties. It is true, as he claims, that the notes did not pay the original indebtedness. But plainly the transfer of the notes either transferred the original indebtedness, or took away from the claimant for the time all right of action thereon. At the time when Hooper made his assignment the right of action on these notes was in the indorsees thereof. They, and not Spencer, were creditors of Hooper.

Now, it is true that, after January, 1889, when Spencer had paid the indorsees and obtained the rightful possession of the notes, he

could have sued Hooper thereon, or he could have sued Hooper on the original indebtedness, surrendering the notes. This is the familiar doctrine laid down in *Jagger Iron Company* v. *Walker* (76 N. Y., 521), cited by the learned county judge.

But that does not apply to this case. Here the question is: Was Hooper, at the time of the assignment, actually owing to Spencer the amount claimed? We are simply to construe the exact language of the statute. For unless the statute gives a preference, none exists. And the statute does not give a preference for wages or salaries which have been transferred and are, therefore, no longer owing to the employees. If the statute had simply said that wages and salaries shall be preferred, there would be more ground for Spencer's claim. But the statute goes further and says that these wages and salaries, in order to be preferred, must be actually owing to the employees at the time of the assignment. Spencer's claim does not conform to this requirement.

Some other questions are raised on the appeal. It is said that Spencer did not perform his contract, and that there is no proof of the *quantum meruit*; also that the notes were accommodation notes and he was to work them out. But it is not necessary to consider these questions. Taking them in the view most favorable to Spencer, we think, for the reasons stated above, that he is not entitled to a preference.

The order should be reversed, with ten dollars costs and printing disbursements.

LANDON and MAYHAM, JJ., concurred.

Order reversed, with ten dollars costs and printing disbursements.