### In re HOOPER'S ESTATE. In re SPENCER. In re HODGMAN.

(*Supreme Court, General Term, Third Department.* September 25, 1890.)

ASSIGMENT FOR BENEFIT OF CREDITORS—PREFERENCES.

Before making an assignment for benefit of creditors, the assignor had given his promissory notes to an employe for wages to be earned by future services. The latter had indorsed and transferred them, and, at the time of the assignment, such notes for an amount exceeding the wages earned and not paid in cash belonged to third persons; but he afterwards paid the indorsees for them, and took them into his possession. *Held,* that the wages so remaining unpaid were not "actually owing," within Laws N. Y. 1886, c. 283, providing that "the wages or salaries actually owing to the employes of the assignor or assignors at the time of the assignment shall be preferred before any other debt," and that the employe was not entitled to a preference therefor.

Appeal from Washington county court.

Claim filed by Byron O. Spencer, under a general assignment by Charles Hooper to Alfred C. Hodgman for benefit of creditors, and heard, by stipulation, by the county judge as part of the final accounting of said assignee.

From an order adjudging such claim entitled to a preference, the assignee appeals.

Argued before LEARNED, P. J., and LANDON and MAYHAM, JJ.

*Young & Kellogg,* (*L. H. Northup,* of counsel,) for appellant.   *C. Lansing Jones,* for respondent.

LEARNED, P. J.   Alfred C. Hodgman is the general assignee of Charles Hooper, for the benefit of creditors.   Byron O. Spencer made a claim that, as an employe of the assignor, he was entitled to a preference on a debt of $234.77 and interest.   It was agreed between the parties that the matter should be heard before the county judge, and should be deemed a part of the final accounting of the assignee.   The county judge, on a hearing, decided that Spencer was entitled to a preference as such employe, and the assignee appeals.   The claimant was employed by the assignor, and worked for him from April 1, 1887, to August 27, 1888, the date of the assignment.   The services, at the rate agreed on, amounted in value to $779.82, on which the claimant had received $506.37 in cash.   At least these are the amounts stated by the county judge, and they are sufficiently accurate for the present purpose.   The assignment was made July 27, 1888.   Previously to that time Hooper had given to Spencer three notes made by Hooper, dated respectively April 9, 1888, May 1, 1888, and May 1, 1888, and amounting, in all, to $432.46.   These were not given for indebtedness then owing, but, as Spencer says, were accommodation notes; that is, to be earned by future services.   Thus it is that the aggregate of the notes and of the cash paid exceeds the amount earned by Spencer.   These notes Spencer indorsed and transferred a few days after he received them; and, at the time of the assignment and for several months thereafter, the notes belonged to other persons.   In January, 1889, or thereabouts, the claimant paid for the notes, and took them into his possession.   How much he paid does not appear.   The claimant relies on chapter 283, Laws 1886, providing as follows:   "In all distribution of assets under all assignments made in pursuance of this act, the wages or salaries actually owing to the employes of the assignor or assignors at the time of the assignment shall be preferred before any other debt."

Now, the obvious answer is that, at the time of the assignment, there were no wages or salaries actually owing to the claimant.   Whatever was owing for his salary or wages had been transferred by him, and was owing to other parties.   It is true, as he claims, that the notes did not pay the original indebtedness.   But plainly the transfer of the notes either transferred the original indebtedness or took away from the claimant, for the time, all right of action thereon.   At the time when Hooper made his assignment, the right of action on these notes was in the indorsees thereof.   They, and not Spencer, were creditors of Hooper.   Now it is true that, after January, 1889, when Spencer had paid the indorsees, and obtained the rightful possession of the notes, he could have sued Hooper thereon, or he could have sued Hooper on the original indebtedness, surrendering the notes.   This is the familiar doctrine laid down in *Iron Co.* v. *Walker,* 76 N. Y. 521, cited by the learned county judge.   But that does not apply to this case.   Here the question is, was Hooper, at the time of the assignment, actually owing to Spencer the amount claimed.   We are simply to construe the exact language of the statute, for unless the statute gives a preference, none exists; and the statute does not give a preference for wages or salaries which have been transferred, and are therefore no longer owing to the employes.   If the statute had simply said that wages and salaries shall be preferred, there would be more ground for Spencer's claim.   But the statute goes further and says that these wages and salaries, in order to be preferred, must be actually owing to the employes at the time of the assignment.   Spencer's claim does not conform to this requirement.

Some other questions are raised on the appeal. It is said that Spencer did not perform his contract, and that there is no proof of the *quantum meruit;* also that the notes were accommodation notes, and he was to work them out. But it is not necessary to consider these questions. Taking them in the view most favorable to Spencer, we think, for the reasons stated above, that he is not entitled to a preference. Order reversed, with $10 costs and printing disbursements.