(3 Misc. Rep. 554.)

### STEVENSON v. DUNN et al.

(City Court of New York, General Term. May 9, 1893.)

PLEADINGS—STRIKING OUT AS SHAM.

In an action for money loaned, an answer admitting the loan, but alleging the giving of a note therefor, without stating that such note is not yet due, is properly stricken out as sham, since plaintiff has a right to sue on the original debt after the maturity and nonpayment of the note.

Appeal from special term.

Action by Celecta E. Stevenson against Ballard S. Dunn and Florence E. S. Dunn for money loaned. From an order striking out the answer as sham, defendants appeal. Affirmed.

Argued before EHRLICH, C. J., and FITZSIMONS and NEWBURGER, JJ.

A. H. H. Dawson, for appellants.
Ernest H. Ball, for respondent.

FITZSIMONS, J. The plaintiff loaned money to defendants, and they gave their note therefor. Plaintiff sued upon the original debt. Defendants answered, admitting the loan, and stated the giving of the note. A motion was made to declare the defense pleaded a sham, which was granted. The rest of the answer not declared sham is clearly frivolous. That part pleading the giving of the note is without legal merit. The taking of a debtor's note does not extinguish the original debt. It is a promise to pay, put in writing, and only extends the time of payment of the debt itself until the note is due. If it is not then paid, the creditor may sue upon the original demand, and bring the note into court to be given up on the trial. Iron Co. v. Walker, 76 N. Y. 524. The answer served does not show that the note, when the action was commenced, was not due. We must assume that it was, and therefore the order appealed from must be affirmed, with costs. All concur.