TWELFTH WARD BANK OF CITY OF NEW YORK v. SAMUELS et al.

(Supreme Court, Appellate Division, First Department.   April 11, 1902.)

ASSIGNMENTS—COLLATERAL SECURITY—EQUITY—NOTES—PAYMENT — RENEWAL.
　　A debtor assigned certain shares in a corporation as collateral security for his note of $6,000.   Subsequently he assigned to his mother his equity in such shares in consideration of her indorsement of a note by him for $3,500.   Plaintiff discounted the $3,500 note, and received the assignment given to the mother, with her name written across the back of it. The debtor afterwards gave renewals of this note, and also gave the plaintiff a demand note for the amount, but plaintiff retained the original note, and it was not paid.   The shares were sold by the holder of the $6,000 note, and after applying the proceeds to its payment a balance remained.   *Held*, that the mother, by her transfer of the assignment, had assigned her rights to such balance to plaintiff, and he was entitled to it as against her executors or the debtor's trustee in bankruptcy.

Appeal from special term, New York county.

Action by the Twelfth Ward Bank of the City of New York against Robert V. S. Samuels, trustee, impleaded with others.   From a judgment for plaintiff, defendant Robert V. S. Samuels appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and LAUGHLIN, JJ.

Hubert E. Rogers, for appellant.
Charles W. Dayton, for respondent.

McLAUGHLIN, J.   Prior to the 8th of July, 1898, Antonio Rasines gave his promissory note for $6,000 to the Colonial Trust Company of the city of New York, and as collateral security for its payment assigned to the trust company 68 shares of the capital stock of this plaintiff.   Then, or a few days later, he assigned to his mother, Amelia F. Rasines, all of his equity in this stock to secure her against loss by reason of her indorsement upon his note for $3,500, which was discounted by the plaintiff on the 11th of July, 1898, at which time the assignment given by Antonio to his mother, with her name written across the back of it, was delivered to the plaintiff, which has since held it.   The trust company transferred the $6,000 note to the Plaza Bank, together with the stock, and, Antonio having failed to pay the note, the Plaza Bank sold the stock, and, after applying the proceeds derived from the sale towards the payment of the note, a balance of $1,090.41 remained. The mother died on the 4th of October, 1899, leaving a will, in which Antonio and one Charles P. Rogers were named as executors.   The will was proved, and the executors qualified and are now acting.   On April 19, 1900, Antonio filed a petition in bank-

ruptcy, and was subsequently adjudged a bankrupt, the defendant Samuels being appointed his trustee. This action was brought to recover from the Plaza Bank the $1,090.41 above mentioned. The Plaza Bank impleaded as parties defendants the executors of Mrs. Rasines, and also the trustee in bankruptcy of Antonio. The plaintiff claimed the fund by virtue of the assignment from Antonio's mother, which was delivered to it at the time it discounted the $3,500 note. The trustee in bankruptcy claimed it on the ground that it belonged to Antonio. The trial court found as a fact that the mother, by writing her name upon the back of the assignment, intended to and thereby did assign to the plaintiff her equity in the stock; that the note had never been paid, and therefore the plaintiff was entitled to the money. Judgment was entered accordingly, from which the trustee in bankruptcy has appealed.

We are of the opinion that the trial court was right in holding that the plaintiff was entitled to this fund. The evidence satisfactorily establishes that Mrs. Rasines assigned to the plaintiff whatever interest she had in the stock by virtue of the assignment of Antonio to her. She was the indorser upon the note, and the assignment was given to her for the purpose of indemnifying her against loss. Under such circumstances, her indorsement upon the back of the assignment, coupled with the fact that it was delivered to the bank at the time the note was presented for discount, and that the bank has ever since had possession of it, are sufficient to establish that she transferred to the bank whatever interest she had, and especially so when the testimony of Antonio is considered, which is to the effect that he executed the assignment to his mother to secure the payment of the note, and that when she indorsed it he told her that that was the purpose of it. The note was not paid at maturity, but was renewed from time to time, and this fact, it is said, released not only the indorser, but the equity in the stock assigned to her. This is not so. The taking of a renewal note simply extended the time of payment, and was not a satisfaction or payment of the original one. Iron Co. v. Walker, 76 N. Y. 521. In this connection it is also claimed that the estate of Mrs. Rasines was released by reason of the fact that Antonio gave to the plaintiff, after the death of Mrs. Rasines, a demand note for the note indorsed by her and another note. This contention is also unsound, for the reason that the demand note was not taken in payment of the $3,500 note, nor did it extend the time of payment of the same, and there was no consideration for it. Halliday v. Hart, 30 N. Y. 474. The demand note, beng payable presently, manifestly did not extend the time of payment, and if it did there was no consideration given by the maker. The old note was not given up nor canceled. It was held by the bank, and the giving of the demand note was solely for the purpose of enabling the plaintiff to carry the old one as a live asset. There is no pretext that the original note has ever been paid, and it is apparent from the evidence adduced upon the trial that, to induce the plaintiff to discount it, whatever equity Antonio or his mother then had in the stock in question was assigned to the plaintiff. The trial court, therefore,

was right in holding that the fund belonged to the plaintiff, and ordering judgment accordingly.

The judgment is right, and should be affirmed, with costs. All concur.