(53 Misc. Rep. 107.)

GANSEVOORT BANK OF CITY OF NEW YORK v. GILDAY.

(City Court of New York, Trial Term. February, 1907.)

BILLS AND NOTES—CONSIDERATION.

Where, on the execution of a renewal note, the original note is not surrendered or canceled, the holder has not parted with value and cannot recover thereon against an accommodation maker.

Action by the Gansevoort Bank of the City of New York against Walter C. Gilday. Complaint dismissed.

Philip J. Britt, for plaintiff.
Edward Hassett, for defendant.

DELEHANTY, J. This action is brought for the recovery of $510.17, together with interest, on defendant's note, dated October 25, 1904, to the order of plaintiff, and payable six months after date. Defendant admits the making of the note, and also that no part of same has been paid, but sets up as a defense thereto that he never received any value therefor and that plaintiff is not the holder thereof in due course for value. Upon the trial before the court without a jury, defendant testified that he made the note in question and delivered it to one Dresser for the latter's accommodation, and that he knew when he did so that he was liable thereon. In this connection the testimony of plaintiff's cashier stands undisputed that Dresser brought the note to plaintiff before maturity, and that at his (Dresser's) request the same was discounted and the avails thereof were placed to the credit of the Howley-Dresser Company. This testimony, standing alone, would, under the provisions of section 55 of the negotiable instruments law (Laws 1897, p. 728, c. 612) make the plaintiff a holder of the note for value and the defendant liable to it thereon.

But there is other evidence in the case submitted on behalf of plaintiff to the effect that it took the note in suit in payment of a previous

note, which latter had been given to pay or take up a note previous to that one.   Both these notes are of accommodation nature and are still retained by plaintiff.   It is on account of this retention that defendant. claims that the plaintiff is not a holder for value of the note in suit. If that be so, then it is not a holder in due course and is precluded from enforcing payment of the obligation in question.   See Neg. Inst. Law, §§ 91, 96.   While by section 51 of the law cited an antecedent ·or pre-existing debt constitutes a valuable consideration in support of a prom-·issory note, yet to have that consideration effective it seems there must have been a cancellation, and in legal effect a payment and discharge, of the antecedent or pre-existing obligation.   Otherwise, where is there a parting of value for the new one?   When plaintiff discounted the first note, concededly it parted with value.   The taking of the second and third notes, the latter the one in suit, under the circumstances detailed, operated simply as an extension of the time of payment of the original note, and, when it failed to cancel and discharge the first and second notes, its duty on nonpayment of the last one was to sue on the original obligation.and to have pleaded the giving of the subsequent notes, which would be surrendered to defendant upon the trial.   Muldon v. Whitlock, 1 Cow. 290, 13 Am. Dec. 533; Jagger Iron Co. v. Walker, 76 N. Y. 521.

I am forced to the conclusion that there was no consideration for the note in suit; otherwise, there would have been a cancellation of the note for which it was given.   If plaintiff is entitled to recover at all, it must be upon the first note.   Sutherland v. Mead, 80 App. Div. 103, 80 N. Y. Supp. 504.   If right in my conclusions, it follows that there must be judgment for defendant, dismissing the complaint upon the merits.

Complaint dismissed upon the merits.