**CHAPMAN, Commissioner, Etc., v. CLARK et ux. (No. 694–4249.)**

(Commission of Appeals of Texas, Section A. Oct. 21, 1925.)

1. **Homestead ⬉131—Bank president's unfulfilled promise, relied on by assignors of vendors' lien notes in not setting up defense to suit to foreclose lien, held fraud, entitling them to vacation of judgment of foreclosure.**

Bank president's unfulfilled promise, on which vendors, who assigned vendors' lien notes to bank as security for payment of note, acted in refraining from setting up their homestead rights as defense to bank's suit to foreclose lien, that bank would purchase land at foreclosure sale, reconvey it to vendors for amount of debt and take vendors' lien notes in payment *held* fraud on vendors, within Acts 36th Leg. (1919), c. 43, § 1 (Vernon's Ann. Civ. St. Supp. 1922, art. 3973a), entitling them to vacation of judgment of foreclosure.

2. **Banks and banking ⬉63½—Banking commissioner chargeable with fraudulent promises by president of bank taken over by him.**

Banking commissioner, in possession and control of property and affairs of suspended bank, stands in its place, and is chargeable with and responsible for its president's fraud in making unfulfilled promise to reconvey land, purchased by it at vendors' lien foreclosure sale, to assignors of vendors' lien notes, if they would refrain from setting up homestead rights as defense to its foreclosure suit.

Error to Court of Civil Appeals of Sixth Supreme Judicial District.

Action by J. L. Chapman, Commissioner of Insurance and Banking, against W. A. Clark and wife. Judgment for defendants was affirmed by Court of Civil Appeals (262 S. W. 161), and plaintiff brings error. Affirmed.

Carter & Stone, of Jacksonville, for plaintiff in error.

Norman, Shook & Gibson, of Rusk, for defendants in error.

HARVEY, P. J. In a suit wherein the Farmers' State Bank of Jacksonville, Texas, was plaintiff and T. I. Knight, R. L. Cameron, and W. A. Clark and his wife, Lela Clark, were defendants, the district court of Cherokee county, on December 16, 1920, rendered and entered a judgment by default against said T. I. Knight for the sum of $3,-097.86, being the amount of promissory notes sued on therein by plaintiff, and also against said Knight and said Clark and wife for the foreclosure of plaintiff's vendor's lien on a certain tract of 143 acres of land given to' secure the payment of said promissory notes, and directing the sale of said land under such foreclosure in satisfaction of said judgment.

In due time thereafter, order of sale was issued on said judgment, and said land was duly sold thereunder at public sale, and the commissioner of insurance and banking of the state of Texas, through a special agent, purchased said land at such foreclosure sale for the use and benefit of the estate of said bank then in his possession and control. After said judgment was rendered, but before said foreclosure sale thereunder, the said bank suspended business, and the commissioner of insurance and banking of the state took possession and control of the property and affairs thereof, in his official capacity, as provided by law, and still has such possession and control. After acquiring said land at the foreclosure sale, as above stated, the said commissioner brought the present suit, same being a suit in trespass to try title, against W. A. Clark and his wife, Lela Clark, for the recovery of said tract of 143 acres of land.

In answer to this suit, said Clark and wife pleaded, among other things, "not guilty," and, by way of cross-action, sought to vacate said above-described judgment on the grounds of duress and of fraud. Upon trial of said cause, the trial court entered judgment in favor of said defendants Clark and wife for said land sued for by plaintiff. From such last-mentioned judgment, said commissioner prosecuted an appeal to the Court of Civil Appeals for the Sixth Supreme Judicial District of Texas. The latter court, after due hearing, affirmed said judgment of the trial court and, from such judgment of affirmance, the commissioner of insurance and banking, J. L. Chapman, as plaintiff in error, brought said cause to this court on writ of error duly sued out against said W. A. Clark and wife, defendants in error herein, and granted by the Supreme Court.

The Court of Civil Appeals held that the ground of fraud alleged by Clark and wife in their cross-action was sustained by the facts, and that because thereof said judgment of

⬉For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

December 16, 1920, was properly vacated and held for naught, as prayed for by Clark and wife.

[1] The facts held by said Court of Civil Appeals to constitute fraud, and to furnish ground for vacating said judgment on the complaint of Clark and wife, are substantially as follows:

The promissory notes sued on by said bank in the suit in which said judgment of December 16, 1920, was rendered, and for the amount of which said judgment was rendered in favor of said bank, were vendor's lien notes that had been executed by said T. I. Knight to said W. A. Clark as consideration for the execution to the said Knight of a deed executed by said Clark and wife, purporting to sell and convey to the said Knight the tract of 143 acres of land involved in this suit.

At the time said deed and vendor's lien notes were executed, the said W. A. Clark and T. I. Knight borrowed the sum of $2,000 from said bank, and executed their note to the bank therefor; and, as security for the payment of same, the said Clark assigned to the bank the said vendor's lien notes. At the time Clark and wife executed said purported deed to T. I. Knight, the said tract of 143 acres of land was being used by said Clark and wife as a homestead, and was being so used by them when said judgment of December 16, 1920, was rendered, and they still resided on such land at the time of the trial of this case. Such sale of said tract of land by Clark and wife to Knight was fictitious, and not intended by the parties thereto as a real sale, but was a subterfuge devised by the parties thereto for the purpose of using said vendor's lien notes as security to said bank for said $2,000 borrowed by said Clark and Knight from said bank. The said bank, through its president, Howard, who made said loan of $2,000 to Clark and Knight in behalf of said bank, and took said vendor's lien notes as security therefor, had full knowledge of all the facts just stated and of the unreal and simulated character of said transaction between the parties to said purported deed, and had full knowledge of the purpose for which said deed and vendor's lien notes were executed, as above stated.

Said note executed by Clark and Knight to said bank for the sum of $2,000 was never paid. The bank, being the holder of said vendor's lien notes, executed by Knight to Clark, brought suit thereon and recovered judgment on December 16, 1920, for the amount thereof, and for the foreclosure of the vendor's lien securing same, as hereinabove stated.

Before said suit was filed, the president of said bank, John Howard, made an agreement with said W. A. Clark, wherein said Howard, acting for and in behalf of said bank as its duly authorized agent, promised the said Clark that if said Clark and wife would not contest said suit, and set up their homestead rights in defense thereof, but would allow judgment by default to be rendered against them, that in such event the bank would purchase said land at the foreclosure sale under said judgment and reconvey it to said W. A. Clark for the amount of the said indebtedness of $2,000 of said Clark and Knight to said bank, and take vendor's lien notes from said Clark for such amount as payment therefor, to all of which the said W. A. Clark agreed in consideration of said promise of said Howard. The terms of said agreement were immediately communicated to Lela Clark, and she assented thereto. And in reliance on the said promise of said Howard, and being induced thereby, the said W. A. Clark and his wife, Lela Clark, did not contest said suit nor file answer therein, but allowed said judgment of December 16, 1920, to be rendered by default against them. But for such promise of Howard the said Clark and wife would have answered in said suit and set up, as a defense to the bank's alleged lien, their homestead rights in said land; and would have maintained such defense and thereby defeated said alleged lien.

After such foreclosure sale, the said W. A. Clark duly requested fulfillment of said promise made by said Howard, as above stated; which request has never been complied with.

In the trial of this case, no witness testified that said promise by Howard was made in good faith, nor is there any fact in the record showing that performance of such promise was prevented by act of God, the public enemy, or by some equitable reason. The said promise of Howard is set up by Clark and wife in this suit as ground for vacating said judgment of December 16, 1920; said promise being alleged to have been fraudulently made by said Howard with no intention of complying therewith, and that defendants in error were induced thereby to act as they did with reference to said suit.

We are of opinion that the said promise of Howard made to W. A. Clark, and upon which said Clark and wife acted in refraining from presenting their defenses in said foreclosure suit, was a fraud on said Clark and wife, entitling them to have said judgment of December 16, 1920, vacated.

Fraud with regard to transactions in real estate consists, among other things, of a false promise to do some act in the future which is made a material inducement to another party to enter into a contract or agreement, and but for which promise said party would not have entered into such contract or agreement; and whenever a promise thus made has not been complied with by the party making it within a reasonable time, it will be presumed that such promise was falsely and fraudulently made, and the burden of proof is on the party making it to show that same was made in good faith and that he was prevented from complying therewith by act of

God, the public enemy, or by some other equitable reason. Act of 36th Legislature, c. 43, § 1 [Vernon's Ann. Civ. St. Supp. 1922, art. 3973a].

[2] The plaintiff in error herein stands in place of said bank, and is, under the facts of this case, chargeable with and responsible for the acts of said bank in said transaction between its president and W. A. Clark relative to said land. Said promise of Howard, upon which Clark and wife relied and acted, constitutes actionable fraud on the part of said bank within the meaning of the statute above cited, and said Clark and wife have based thereon their action to vacate said foreclosure judgment.

We are of opinion that the judgment herein rendered by the Court of Civil Appeals, affirming the judgment of the trial court, is correct, and we recommend that same be affirmed.

GREENWOOD and PIERSON, JJ. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.

CURETON, C. J., not sitting.