**SHAW, Banking Com'r, v. KORTH.**

No. 8294.

Court of Civil Appeals of Texas. San Antonio. Dec. 18, 1929.

Rehearing Granted Feb. 5, 1930, and Overruled March 19, 1930.

Spencer, Rogers & Lewis, of San Antonio, for appellant.

H. W. Wallace, of Cuero, for appellee.

COBBS, J.

Appellant filed this suit in De Witt county, in his official capacity as banking commissioner of the state of Texas, in charge of the Yoakum State Bank, an insolvent state bank taken over by the commissioner for the purposes of liquidation. The suit was upon a promissory note in the sum of $5,000, executed by appellee, Robert P. Korth, payable to the order of "myself" and indorsed in blank by appellee. The note was an asset of the Yoakum State Bank. It provided for interest at the rate of 8 per cent. per annum from maturity and provided for 10 per cent. attorneys' fees.

Appellee answered with a plea in abatement to the effect that the banking commissioner was unauthorized to bring suit because no receiver had been appointed for the bank by the district court as provided for in articles 370 and 371 of the Revised Civil Statutes. He specially excepted because plaintiff's petition did not allege that the bank came into the hands of the commissioner voluntarily and because the petition did not allege that the commissioner appointed some competent person to wind up the affairs of the bank in lieu of a receiver.

The plea in abatement and the special exceptions were overruled.

Appellee further answered under oath that he received no consideration for the execution of said note, and that the note was executed as a matter of fact for the accommodation of the Yoakum State Bank.

He answered in detail that the officers of the bank came to him and represented that the bank held a large amount of promissory notes owing to it by cattlemen some time during the year 1921, and that the bank desired to be relieved of some of these notes, and for this purpose they had "formed a plan to undertake to get some measure of relief from the agencies and corporations formed and projected under the laws of Congress, such as the War Finance Corporation and the Federal Intermediate Credit Bank and that in order to do so they would organize and incorporate some sort of cattle loan company and would, through the operation of such plan and such corporation, relieve Yoakum State Bank of a large amount of its cattle loans." Pursuant to this plan he alleges that the officers of the bank requested him to execute the original $5,000 note to enable the bank to carry out its policy and purposes and promised him that the bank would not sell, negotiate, or collect said note, but would cancel the same and return it to him at the end of six months.

He further alleges that he was induced by these promises and statements to execute the original note some time in 1922 and delivered it to either Philip Welhausen or M. C. Driscoll, officers of the bank, with the understanding that it should be delivered to the Yoakum State Bank for its temporary accommodation and assistance, and that at or before the maturity of said note it would be canceled and returned to him and he would not have to pay it; that the bank would not sell or negotiate it.

He alleges further that he renewed the note from time to time at the request of these same officers, and at each renewal the representations and promises were repeated.

352

Appellee further alleged that the charter of the bank expired in August, 1927, and that the officers, Philip Welhausen and M. C. Driscoll, obtained a new charter in some way not fully known to the defendant and continued the operation of the bank under such new charter.

He alleged further that the new bank had no capital stock, that no capital stock was paid in, and that the new bank took the note sued on, or one of the notes of which it is a renewal, with full knowledge of all the facts.

He further alleges that in January, 1928, the bank was in financial distress, and that he called upon the officers for the note, and that they told him that they had preparations complete to pay into the bank a large sum of money, and that when that was done they would immediately cancel his note and send it to him.

Appellee pleaded further that plaintiff was not an innocent purchaser in good faith of the note and prayed that plaintiff take nothing by his suit. This pleading was duly verified.

Upon a trial of the case before the court, judgment was rendered in favor of the defendant. Plaintiff excepted, gave notice of appeal, filed assignments of error, and the case is here for review.

The court filed his findings of fact and conclusions of law in substance substantially as the facts were pleaded by appellee, concluding as a matter of law that the note was an accommodation note, that Yoakum State Bank was the party accommodated, and that the Yoakum State Bank, the new corporation organized after the expiration of the charter of the old bank, was not a holder of said note for value.

As appellee has admitted that the foregoing statement of the case is practically correct, we have copied it from appellant's brief. The case was tried by the court, without a jury, who made and filed his findings of fact and conclusions of law, resulting in a judgment for the appellee. Having fully examined it in connection with all the testimony, we may as well at the outset say it is supported by the testimony.

The ultimate and essential question presented, without discussing each proposition separately, is whether or not the note upon which appellant sued was an accommodation note, given to the bank at the request of the principal owner by appellee, without consideration, or that anything of value was obtained or secured by him for the note.

As we do not think there is a single assignment or proposition that has such merit as to require a reversal of the judgment, we dismiss them without further discussion, which would be of no benefit to the jurisprudence of the state. Why waste time in a lengthy discussion, when there is really but one substantial question involved, a decision of which disposes of the entire case.

In cases tried by the court much more latitude and indulgence is allowed in the introduction of testimony, on the presumption that the court, being more learned in the law, is more capable in handling the testimony and separating the legal from the other kind.

The defendant is shown to be an accommodation party, as maker and indorser of the note, without receiving any value therefor, lending his name to Yoakum State Bank for its accommodation.

Neither the Yoakum State Bank, nor the plaintiff herein, is the holder of said note for value, and the defendant is not liable thereon to the plaintiff.

The evidence supports the conclusion that the note sued upon was without consideration as an accommodation note. Milwee v. Phelps, 53 Tex. Civ. App. 195, 115 S. W. 895; City of San Antonio v. Grayburg (Tex. Civ. App.) 259 S. W. 986.

The testimony of appellee was to the fact that because of the condition of the cattle market in 1921 and 1922, when cattle slumped from $100 to $40, Mr. Welhausen came to him and requested his signature to the note, which he was to place in the Yoakum State Bank. Appellee said they had been hard hit and had lots of bad cattle loans, and that:

"I told Mr. Welhausen that if my credit would help his bank and not hurt me I would gladly help with the understanding that my note would be returned to me at maturity, six months from date, without any cost or interest on my part. He said that was the way that they were going to handle the note and that they were figuring on organizing the finance corporation business for the purpose of raising money to pay off such notes as mine that were given to the bank. I signed and gave the note to Mr. Welhausen with the understanding that it would be returned after six months. When the note matured, he wrote me to renew it. I went down to see him and he told me that they were getting along nicely with this Bankers' Finance Corporation and that it would be just a matter of time and my paper would be released. After it was turned over to Mr. Moore, liquidating agent, the Yoakum State Bank, Mr. Zincke and I went over to talk with Mr. Moore. I called in Mr. Welhausen, and he told Mr. Moore that I didn't owe that note, and they owed the note. That was before the bank closed and Mr. Moore was in charge, in 1928.

"Mr. Moore had communicated with me before that, saying that he held a note in his files against me for five thousand dollars. He wrote me to the effect that the note was in the files of the bank.

"With reference to whether or not anything was said about paying any money, they never

did call on me for anything. I renewed the note lots of times, I do not know how many. One time it was past due for a year and Mr. Welhausen came over and asked me to sign again. He told me at that time that the bank was getting along all right and they were about to complete the Bankers' Finance Corporation. I had never inquired about the Bankers' Finance Corporation as I was not a stockholder. I kept renewing the note because it was not costing me anything and I thought as long as I was helping the bank, conditions were getting better as they told me from time to time they were getting on their feet, that is why I kept renewing it."

He stated that he never subscribed for any stock, nor made any application for any loan, nor received from it one cent of cash. No interest was added to the note at any renewal, he at no time paid any interest on the note, and was not called upon to do so at any time.

The commissioner of banking, the plaintiff in this case, was charged with the obligation of the promise of Welhausen, the executive manager of the bank, in respect to this note, when Welhausen admitted, while the bank was in operation, that Mr. Korth did not owe the note, and that it would be canceled and returned to him. Chapman v. Clark (Tex. Com. App.) 276 S. W. 197. In Joyce, Defenses to Commercial Paper, vol. 1, § 56, p. 97, in note 56, the case of Cochran v. Bowersox, 188 Ill. App. 157, is cited as holding that where one executes an accommodation note to a bank, for purpose of passing bank examination, it is a complete defense to the note that the holder took it with full knowledge that it was accommodation paper, and that the bank had agreed not to negotiate it; and in note 57, the case of Gansevoort Bank v. Gilday, 53 Misc. Rep. 107, 104 N. Y. S. 271, is cited as holding that it is a defense to an action on a renewal note by the payee that the original note was an accommodation note.

That the commissioner of banking cannot recover on an accommodation note found among the defunct bank's papers is held by the San Antonio Court of Civil Appeals in Brady v. Cobbs, 211 S. W. 802.

Under the facts in this case it is made too plain for argument that the note was given without any consideration whatever to boost the bank's assets. We see no error committed by the trial court, and believing the judgment fair and just, it is affirmed.

### On Motion for Rehearing.

SMITH, J.

Upon further consideration, on motion for rehearing, the majority of the court are of the opinion that the note in controversy was not executed as an accommodation to the bank, or to "boost the credit" of the bank.

It was given by appellee in payment of stock in the Bankers' Finance Corporation, and discounted by the bank in the usual course of business, for value. It was repeatedly renewed to the bank by appellee with full knowledge of the facts and without reservation, as disclosed by correspondence between the parties during the several renewal periods. The fact that some of the officials of the bank were likewise officials of the finance corporation, and may have been personally accommodated in the transaction, does not appear to affect the merits or validity of the obligation. It is true that in his testimony appellee testified, largely through legal conclusions, that the note was given and renewed as an accommodation to the bank; but this testimony cannot be given effect against his written admissions voluntarily made during the progress of the transactions in controversy.

These conclusions require that the judgment be reversed, and the cause remanded for another trial.

Appellant's motion for rehearing is granted.