■ BATEMAN FUEL OIL SERVICE, INC., Respondent, v. ISRAEL SKLAVER, Appellant.—In an action to recover for goods sold and delivered, the appeal purports to be from an order of the County Court, Westchester County, affirming an order of the City Court of Mount Vernon which granted summary judgment striking out the answer, and from the judgment of affirmance of the City Court of Mount Vernon taxing costs for said appeal in the sum of $25, which was entered on the order of the County Court affirming the judgment in favor of respondent. Order affirmed, with $10 costs and disbursements. Appeal from judgment dismissed, without costs. In opposition to the motion for summary judgment, appellant submitted his wife's affidavit in which she stated that, on or about September 16, 1957, respondent's president telephoned her and requested that the balance owing be paid. She told him that she did not have the sum of money due ($182.05) at that time and was unable to pay the same but would send two postdated checks, one for $100 dated October 20, 1957 and another for $82.05 dated November 20, 1957. Respondent's president stated that this was agreeable so far as he was concerned and accordingly she made out her own checks and mailed them to respondent. This procedure of accepting postdated checks was followed on many occasions. Respondent submitted no reply affidavit to contradict the statement of appellant's wife as to the conversation of September 16, 1957, nor did the affidavit submitted in support of the motion refer to this conversation of September 16, 1957. In his affidavit in support of the motion, respondent's president stated that he placed the account with respondent's attorney on September 17, 1957 for collection. Thereafter and on the same date, respondent received the two postdated checks signed by appellant's wife. On the same day, he telephoned her, said that he had placed the account for collection with respondent's attorney and that he would accept payment on condition that he received a new check on September 18, 1957, dated that day; otherwise he would instruct his attorney to proceed with the collection of this amount. No other check was received. The affidavit in opposition to the motion made no reference to the statement of respondent's president in reference to the alleged transaction and conversation of September 17, 1957. The summons dated September 19, 1957 was served on September 24, 1957 and a notice of appearance was served. The complaint was served on October 4, 1957 and the answer was served on October 7, 1957. The checks were not returned until October 10, 1957, which was prior to the date, October 20, 1957, that the first postdated check was payable. The notice of motion was dated October 17, 1957 and the motion was returnable on November 1, 1957. When, according to the version of appellant's wife, she orally agreed on September 16, 1957 to send two postdated checks for the balance owing by appellant, her promise was unenforcible (Personal Property Law, § 31, subd. 2) and respondent was not bound on that date by his implied promise to extend appellant's time of payment and to forbear from bringing

suit against appellant on an obligation due and owing. We shall assume that, if respondent accepted the checks of appellant's wife, payment of those checks could have been enforced and that the respondent would have been bound by the implied promise to extend appellant's time for payment (see, e.g., *Jagger Iron Co.* v. *Walker,* 76 N. Y. 521; *Industrial Bank of Commerce* v. *Shapiro,* 276 App. Div. 370, affd. 302 N. Y. 566). But respondent did not accept the checks and was not bound by its implied promise of September 16, 1957 to forbear suit against appellant (see, e.g., *Laskin & Sons* v. *Deitel,* 152 Misc. 271). An acceptance of the checks cannot be spelled out from the fact that respondent did not return the checks until October 10, 1957. The commencement of the action and the service of the complaint, after the conversation by respondent's president with appellant's wife on September 17, 1957 negatived the idea that the postdated checks were accepted by respondent and that respondent was bound by the acceptance. On the affirmance by the County Court, a judgment of affirmance was entered in the City Court of Mount Vernon, taxing costs in the sum of $25. Appellant contends that the clerk of the City Court of Mount Vernon should have allowed respondent only the sum of $10, since the appeal was from an order duly made and entered. Subdivision 12 of section 214 of the Mount Vernon City Charter (L. 1922, ch. 490, as amd.) provides that the respondent, upon affirmance by the County Court, Westchester County, of a judgment of the City Court of Mount Vernon shall be entitled to $25 costs and the prevailing party on an appeal from an order shall be entitled to $10 costs. Section 215 of the charter provides that the practice with respect to the taxation and retaxation of costs shall be identical with the practice and procedure prescribed therefor for the Supreme Court by the Civil Practice Act except that only two days' notice of taxation or retaxation need be given. The record does not contain the bill of costs nor does it show whether costs were taxed on notice or whether a motion for retaxation was made. Respondent's brief states that a copy of the bill of costs and notice of taxation and judgment with notice of entry were served upon appellant's attorney and that no notice of motion for retaxation of costs was served upon respondent's attorney. There are several reasons why this court cannot review the taxation of costs in the judgment of affirmance and hold that the taxation was improper. The appeal to the County Court was from the judgment of the City Court of Mount Vernon, not from the order of the City Court of Mount Vernon. Moreover, no appeal lies to the Appellate Division from the judgment of affirmance of the City Court of Mount Vernon entered on the affirmance by the County Court (Civ. Prac. Act, §§ 622, 623; Mount Vernon City Charter, § 218). Nolan, P. J., Wenzel, Ughetta and Hallinan, JJ., concur; Beldock, J., concurs in result.